**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: LARRY LEE WISSER AND** | ) | **Case No. 20-14201-PMM** |
| **CATHLEEN RACHEL WISSER** | ) | |
| Debtors. | ) | **Chapter 12** |

**DEBTORS' RESPONSE TO MOTION FOR RELIEF FROM STAY (IN REM) TO EXERCISE ITS STATE COURT REMEDIES AGAINST THE DEBTORS' REAL ESTATE LOCATED AT 8281 HOLBENS VALLEY ROAD, 8284 HOLBENS VALLEY ROAD, AND 8292 CREAMERY ROAD, NEW TRIPOLI, PENNSYLVANIA AND INSURANCE PROCEEDS, OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION PAYMENTS AND FOR TURNOVER OF INSURANCE PROCEEDS.**

**AND NOW** comes the Debtors, Larry Lee Wisser and Cathleen Rachel Wisser, by and through their counsel, Charles Laputka, Esq., and files the following Response to Motion for Relief from Stay (In Rem) to exercise its State Court remedies against the Debtors' Real Estate located at 8281 Holbens Valley Road, 8284 Holbens Valley Road, and 8292 Creamery Road, New Tripoli, Pennsylvania and Insurance Proceeds, or in the Alternative, for Adequate Protection Payments and for Turnover of Insurance Proceeds, and avers as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.

11. Admitted in part and Denied in part. Admitted that the Debtors filed this Chapter 12 case the day before the Sheriff Sale and it is Denied that the Debtors filed this case in an effort to frustrate hinder, and delay the Bank's lawful exercise of the Judgment execution process.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

    a. Admitted

    b. Admitted.

    c. Admitted.

    d. Admitted.

    e. Denied. The Debtors are not certain that they have a written Trust Agreement with Judson Witham.

    f. Admitted.

36. Admitted and Denied. No Trust exists according to Judson Witham but rather he was paid to rebuild the barn.

37. Admitted.

38. Denied. Strict proof is demanded at Trial.

39. Denied. Movant's paragraph # 39 is a conclusion of law.

40. Denied. Debtors are without the necessary information to form an opinion as to the truth of the matter asserted. Strict proof is demanded at Trial.

41. Admitted.

42. Admitted.

43. Admitted.

44. Denied. Movant's paragraph # 44 is a conclusion of law.

45. Denied. Movant's paragraph # 45 is a conclusion of law.

46. Denied. Movant's paragraph # 46 is a conclusion of law.

47. Denied. Movant's paragraph # 47 is a conclusion of law.

48. Denied. Movant's paragraph # 48 is a conclusion of law.

49. Admitted.

50. Denied. Movant's paragraph # 50 is a conclusion of law.

51. Denied. Movant's paragraph # 51 is a conclusion of law.

52. Denied. Movant's paragraph # 52 is a conclusion of law.

53. Admitted.

54. Denied. Strict proof is demanded at Trial.

55. Denied. Movant's paragraph # 55 is a conclusion of law.

56. Denied. Movant's paragraph # 56 is a conclusion of law.  Debtors have entered into an Agreement for the repair of the damaged collateral.

57. Denied. Movant's paragraph # 57 is a conclusion of law.

58. Admitted. By way of further answer, Judson Witham is responsible for rebuilding the barn with the proceeds.

59. Denied.  Transfer was made to repair the barn.

60. Denied. Movant's paragraph # 60 is a conclusion of law.

61. Denied. Movant's paragraph # 61 is a conclusion of law.

62. Admitted.

63. Denied. Movant's paragraph # 63 is a conclusion of law.

64. Denied. Debtors filed all bankruptcy cases to save their family farm to reorganize their debts.

65. Denied. Movant's paragraph # 65 is a conclusion of law.

66. Denied. Movant's paragraph # 66 is a conclusion of law.

67. Admitted.

68. Denied. Movant's paragraph # 68 is a conclusion of law.

69. Denied. Movant's paragraph # 69 is a conclusion of law.

WHEREFORE, the Debtor respectfully requests this Honorable Court deny the present Motion for Relief from Stay (In Rem) to exercise its State Court remedies against the Debtors' Real Estate located at 8281 Holbens Valley Road, 8284 Holbens Valley Road, and 8292 Creamery Road, New Tripoli, Pennsylvania and Insurance Proceeds, or in the Alternative, for Adequate Protection Payments and for Turnover of Insurance Proceeds.  and grant other further relief as deemed just and appropriate.

By: */s/ Charles Laputka*
Charles Laputka, Esquire
Attorney for Debtors
1344 W. Hamilton Street
Allentown PA 18102
Telephone – 610/477-0155
claputka@laputkalaw.com