United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  
Larry Lee Wisser  
Cathleen Rachel Wisser  
    Debtor(s)

Case No. 20-14201-pmm  
Chapter 12

# CERTIFICATE OF NOTICE

District/off: 0313-4      User: Adminstra      Page 1 of 2  
Date Rcvd: Dec 15, 2020      Form ID: pdf900      Total Noticed: 5

The following symbols are used throughout this certificate:  
**Symbol     Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 17, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Larry Lee Wisser, Cathleen Rachel Wisser, 8149 Bausch Road, New Tripoli, PA 18066-3614 |
| cr | + | New Tripoli Bank, Seitz, Lesavoy Butz & Seitz LLC, c/o Jack M. Seitz, Esq., 1620 Pond Road, Suite 200 Allentown, PA 18104-2255 |
| cr | + | Northwest Bank, successor to Union Community Bank, c/o Charles N. Shurr, Jr., Esquire, Kozloff Stoudt, 2640 Westview Drive, Wyomissing, PA 19610-1186 |
| cr | + | Northwestern Lehigh School District and Weisenberg, c/o Portnoff Law Associates, Ltd., P.O. Box 3020, Norristown, PA 19404-3020 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion03.ph.ecf@usdoj.gov | Dec 16 2020 04:53:00 | United States Trustee, Office of United States Trustee, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106-2908 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 17, 2020      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 15, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CHARLES LAPUTKA | on behalf of Debtor Larry Lee Wisser claputka@laputkalaw.com jen@laputkalaw.com;milda@laputkalaw.com;bkeil@laputkalaw.com |

District/off: 0313-4 | User: Adminstra | Page 2 of 2
Date Rcvd: Dec 15, 2020 | Form ID: pdf900 | Total Noticed: 5

CHARLES LAPUTKA
    on behalf of Joint Debtor Cathleen Rachel Wisser claputka@laputkalaw.com
    jen@laputkalaw.com;milda@laputkalaw.com;bkeil@laputkalaw.com

CHARLES N. SHURR, JR.
    on behalf of Creditor Northwest Bank  successor to Union Community Bank cshurr@kozloffstoudt.com,
    jcoombs@kozloffstoudt.com;dgabala@kozloffstoudt.com;jkrallis@kozloffstoudt.com

JACK M. SEITZ
    on behalf of Creditor New Tripoli Bank  Seitz jseitz@lesavoybutz.com, sblake@lesavoybutz.com

JAMES RANDOLPH WOOD
    on behalf of Creditor Northwestern Lehigh School District and Weisenberg Township jwood@portnoffonline.com
    jwood@ecf.inforuptcy.com

REBECCA ANN SOLARZ
    on behalf of Creditor United States of America  acting through the Farm Service Agency, U.S. Department of Agriculture
    bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 12)
    ECFMail@ReadingCh13.com

TOTAL: 7

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 12 |
| Larry Lee Wisser, | : | |
| Cathleen Rachel Wisser, | : | Bky. No. 20- 14201 PMM |
| | : | |
| Debtors. | : | |

## ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING CONDUCTED REMOTELY BY VIDEO CONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct an evidentiary hearing in the above case in connection with the Motion for Relief from Stay (In Rem) to exercise its State Court remedies against the Debtors' Real Estate located at 8281 Holbens Valley Road, 8284 Holbens Valley Road, and 8292 Creamery Road, New Tripoli, Pennsylvania, and Insurance Proceeds, or in the Alternative, for Adequate Protection Payments and for Turnover of Insurance Proceeds ("the Motion");

**AND**, the Court having **SCHEDULED** a continued hearing ("the Hearing") on this matter for **Tuesday, December 22, 2020 at 11:30 AM;**

**AND**, due to the limitations on public gatherings imposed by public health authorities in response to the COVID-19 pandemic, it being impractical to conduct the Hearing in the ordinary course in the courtroom;

**AND**, therefore, there being compelling circumstances justifying conducting the Hearing remotely by video conference pursuant to Fed. R. Bankr. P. 9017 (incorporating Fed. R. Civ. P. 43(a));

**It is therefore ORDERED** that the parties shall comply with the following procedures in connection with the Hearing:

1

**Pretrial Disclosure Requirements**

1. **On or before Friday, December 18, 2020**, any party intending to call a witness to testify by video conference ("the Remote Witness") shall file and serve[1] a Remote Witness List setting forth the following:

    a. the name and title of the Remote Witness;

    b. a summary of subject matter of the anticipated testimony;

    c. an e-mail address for the witness;[2]

    d. the location of the Remote Witness (city, state, country);

    e. the place from which the Remote Witness will testify (e.g., home, office – no addresses are required);

    f. whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other person(s)' presence;

    g. whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

2. **On or before Friday, December 18, 2020**, any party intending to offer into evidence in its case in chief or otherwise use at the Hearing any exhibits shall:

    a. pre-mark each exhibit;

---

[1] It is contemplated and preferred that all service required by this Order will be accomplished by e-mail. However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

[2] The witness' e-mail address provides a means for opposing parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the Hearing.

-2-

      b. serve each party who has appeared in the matter(s) being heard at the Hearing with a list of each exhibit ("the Exhibit List");

      c. serve each party with each pre-marked exhibit on the Exhibit List;[3]

      d. deliver the Exhibit List and the exhibits to the court by e-mailing them to the Judge's Chambers (Chambers_of_Judge_Patricia_Mayer@paeb.uscourts.gov) and to the Courtroom Deputy at Barbara_Spinka@paeb.uscourts.gov.

3. A party who wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the Hearing.

4. If a party anticipates the possibility of offering into evidence or otherwise using exhibits at the Hearing in the party's case in rebuttal:

      a. On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

      b. The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the Hearing.

      c. If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all parties participating in the Hearing and the witness. If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[4]

5. **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE**

---

[3] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel. However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

[4] The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing. If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

**OFFERED DURING THE HEARING**.

### Technological and Logistical Protocols

6. Any attorney or party or representative of a party wishing to attend the Hearing and participate by video shall notify the Courtroom Deputy at least 48 hours prior to the Hearing in order to obtain the access information to the Hearing.

7. **EACH PARTY CALLING A WITNESS IS RESPONSIBLE FOR PROVIDING THE ZOOM LINK TO THE WITNESS**.

8. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

9. When signing into Zoom, each participant shall use their first and last name as their screen name, not an e-mail address or nickname.

10. Counsel and parties must treat the proceeding as if it were in open court. Appropriate dress and decorum are required.

11. To reduce the risk of transmission problems with the video or audio during the Hearing, the parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the court limit themselves to audio participation. The court reserves the right to limit the attendance of non-litigants and their counsel to receipt of audio.

12. No participant may use a virtual background without Court permission. Any virtual background must be dignified and respectful. The background may not contain any

messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate . **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS**.

13. During testimony by a party or witness, no one is permitted to communicate - via text or chat application or any other means - with the testifying witness except by way of on the record oral questions directed toward that witness.

14. All participants must appear on camera during the entire hearing, whether or not they are speaking, unless the Court directs otherwise.

15. Participants must limit or eliminate background distractions.

16. If, during the course of the proceeding, it becomes necessary for counsel to consult with a client in private, counsel may request to be sent to a breakout room for a short time to have a private conversation. However, this Paragraph does not apply during testimony.

17. **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE HEARING. FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

**Date: December 15, 2020**

*Patricia M. Mayer*
**PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE**

5