**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA**

| | |
|---|---|
| IN RE: § | |
| LARRY L. WISSER and § | CASE NO. 20-14201-PMM |
| CATHLEEN R. WISSER § | |
| § | |

**DEBTORS' CHAPTER 12 PLAN OF REORGANIZATION**

I. *Debtors seek to reorganize their accumulated debts, including the payment of expenditures necessary for the continuous preservation, and operation of the Debtors' family farm.*

II. *Debtors' son, Jason Wisser, an heir to the estate, will play a primary functioning role in the reorganization process through the introduction of revenue generating opportunities that will effectuate the farm's profitability and the family legacy well beyond the proposed reorganization term. Jason Wisser and his brother, Justin Wisser, currently operate the majority of the income producing activities on the farm.*

III. *The Plan proposes modification of repayment terms to all of the Secured Creditors as specifically outlined herein and pro-rata distribution, based upon the Chapter 7 liquidation analysis of the value of the Bankruptcy Estate, to Debtors' timely filed and allowed Priority Unsecured and General Unsecured creditors' claims on or before September 2025.*

IV. *Chapter 7 Liquidation Analysis: The Debtors believe that if their bankruptcy estate were liquidated to pay their creditors, after all allowed exemptions are taken, and secured claims paid, there would be no funds available for distribution to Unsecured Creditors.*

Attached hereto are the following exhibits which are incorporated herein by reference:

      Exhibit "A"    Debtors' Expense Projection
      Exhibit "B"    Debtors' Cash Flow Projection

1. **Payments to the Trustee by the Debtors**:

      The Debtors shall pay to the Chapter 12 Trustee the base plan amount of $64,350 over 55 months, in the amount of $1,170 per month. Debtors shall pay to the Chapter 12 Trustee all projected disposable income to be received from November 1, 2020 to October 1, 2025, to be applied to make payments under the Plan.

2.    **Class 1: Priority Claims**:

All timely filed and allowed priority claims, shall be paid by the Trustee at the rate determined after the claims bar date based upon claims filed.

The Chapter 12 Trustee's fee is five percent (5%) of all amounts disbursed to creditors under the Plan pursuant to 11 U.S.C. §326(b).

To the extent a priority claim not provided for above is allowed by the Court (or deemed allowed per 11 USC 502(a) by virtue of having been filed and not objected to), the Trustee will pay such claim or additional amount, in full, during the term of the Plan, unless otherwise provided by subsequent modification of this Plan.

3.    Secured Claims:

The Debtors shall pay all timely filed and allowed secured claims under the modified terms below:

**Class 2: Secured Mortgage Claims:**
A. New Tripoli Bank, Claim 9.1, shall be modified and paid as follows: The claim balance shall be amortized and paid over a 30 year term at 4% interest and Debtors shall make 360 consecutive monthly payments of $586.27 per month to pay the claim in full. There shall be no prepayment or refinance penalty at any time during the newly modified repayment term. Payments on this claim shall be made directly to the Creditor by the Debtors, outside of and in addition to the plan payments.
B. Northwest Bank, Claim 1.1, shall be modified and paid as follows: The claim balance shall be amortized and paid over a 30 year term at 4% interest and Debtors shall make 360 consecutive monthly payments of $1,997.12 per month to pay the claim in full. There shall be no prepayment or refinance penalty at any time during the newly modified repayment term. Payments on this claim shall be made directly to the Creditor by the Debtors, outside of and in addition to the plan payments.
C. United States of America, acting through USDA-Farm Service Agency, Claim 11.1, shall be modified and paid as follows: The claim balance shall be amortized and paid over a 30 year term at 4% interest and Debtors shall make 360 consecutive monthly payments of $2,392.95 per month to pay the claim in full. There shall be no prepayment or refinance penalty at any time during the newly modified repayment term. Payments on this claim shall be made directly to the Creditor by the Debtors, outside of and in addition to the plan payments.

**Class 3: Secured Tax Claims:**
D. Northwestern Lehigh School District, Claim 2.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.
E. Northwestern Lehigh School District, Claim 3.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.
F. Northwestern Lehigh School District, Claim 4.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.

    G. Northwestern Lehigh School District, Claim 5.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.
    H. Weisenberg Township, Claim 6.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.
    I. Weisenberg Township, Claim 7.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.
    J. Weisenberg Township, Claim 8.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.
    K. Pennsylvania Department of Revenue, Claim 10.1, shall be paid in full by the Trustee through the Chapter 12 plan payments.

4. **Class 4: Unsecured Claims**:

Timely filed and allowed unsecured claims shall be paid by the Trustee, pro-rata, out of any disposable income after all Priority and Secured Claims have been paid.

5. **Class 5: Participation in Federal Farm Programs**:

If the Debtors are a party to pre-petition, executory contracts with any agency of the United States Department of Agriculture (USDA) evidencing Debtors' participation in Federal Farm Programs, the confirmation of the Debtors' Plan shall constitute Court approval of an authorization for Debtors' assumption of such contract(s).

Confirmation of the Debtors' plan shall also constitute Court permission and authorization for the Debtors to enroll and participate in Federal Farm Programs administered by the USDA or any agency thereof.

Nothing contained in this Order shall impair the policies, procedures, regulations and contract provisions established by the USDA or any of its agencies with regard to the Federal Farm Program benefits including, but not limited to, determining eligibility for program participation and for program benefits and collecting post-petition claims of the United States Government by offset.

All post-petition crops and dairy productions are free and clear of any pre-petition liens or security interests unless such pre-petition liens or security interests are retained in the confirmed Plan. Pre-petition liens and security interests which are not retained in the confirmed plan shall be released by the holder(s) of such liens or security interests on request (oral or written) by the Debtors.

Debtors may place any of the Debtors' post-petition crops and dairy products in the Federal price Support Loan Program without further order of this Court and upon compliance with requirements of the Program. All Federal Farm Program benefits that the FSA has determined to be payable to Debtors may be distributed by FSA in the ordinary course of business in accordance with the program regulations and without further order of this Court.

7.  **Grace Period**:  The Trustee may, for "good cause" allow the Debtors a grace period of up to forty-five (45) days for any monthly, quarterly, semi-annual, or annual payment due to the Trustee under the Plan, provided Debtors also pay all applicable accrued interest and Trustee's fees resulting from such late payment.

8.  **Discharge**:  Pursuant to §1228 of the Bankruptcy Code, as amended, the Debtors shall receive a discharge of their debts after completion of all payments under the Plan.

9.  **Modification**:  Pursuant to §1229 of the Bankruptcy Code, as amended, the Debtors shall have the right to modify the Plan after confirmation.

10.  **Lien Retention**:  Pursuant to §1225(a)(5) of the Bankruptcy Code, as amended, secured creditors shall retain their liens until full payment of lien has been satisfied.

Respectfully Submitted,

**LAPUTKA LAW OFFICE, LLC**

Dated: January 15, 2021                    /s/Charles Laputka
Charles Laputka, Esquire
1344 West Hamilton Street
Allentown, PA  18102-4329
Phone:  (610) 477-0155
Fax:  (484) 350-3581
Attorney for Debtors
claputka@laputkalaw.com