IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-14201 |
| | : | |
| LARRY LEE WISSER and | : | |
| CATHLEEN RACHEL WISSER, | : | |
| Debtors | : | Chapter 12 |

## MOTION OF NORTHWEST BANK TO QUASH SUBPOENA ISSUED BY DEBTORS

1. This Motion is made on behalf of Northwest Bank, by and through its counsel, Charles N. Shurr, Jr., Esquire and Kozloff Stoudt.

2. Northwest Bank, successor to Union Community Bank, is a Pennsylvania savings bank with an address of 100 Liberty Street, Warren, Pennsylvania 16365 ("Bank").

3. Larry Lee Wisser and Cathleen Rachel Wisser are adult individuals with an address of 8149 Bausch Road, New Tripoli, Pennsylvania 18066 (individually and collectively, the "Debtors").

4. The Debtors voluntarily commenced this case by filing a Chapter 12 Bankruptcy Petition on October 22, 2020.

5. The Bank is a secured creditor of the Debtors with a first lien mortgage encumbering the Debtors' non-residential farm real estate located at and known as 8281 Holbens Valley Road, 8284 Holbens Valley Road, and 8292 Creamery Road, New Tripoli, Pennsylvania 18066, as more fully set forth in the secured Proof of Claim (Claim No. 1) filed on November 12, 2020.

6. On June 25, 2021 counsel for the Bank was served with a Subpoena dated June 23, 2021 apparently in regard to this bankruptcy proceeding ("Subpoena"). A true and correct copy of the Subpoena is attached hereto as Exhibit A and incorporated herein by reference.

7. However, the Subpoena was not properly issued, does not allow a reasonable time to comply, may require the disclosure of privileged or other protected matter, and places an undue burden on the respondent. As a result, the Subpoena is improper and must be quashed.

8. Bankruptcy Rule of Civil Procedure 9016 indicates that F.R. Civ. P. 45 applies in bankruptcy cases.

9. Federal Rule of Civil Procedure 45 states in pertinent part as follows:

Rule 45. Subpoena
   (a) In General
       ...
      (3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.
       ...
   (d) Protecting a Person subject to a Subpoena; Enforcement
       ...
      (3) *Quashing or Modifying a Subpoena.*
         (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.

10. In this case, the Subpoena was not properly issued, because the clerk did not issue and sign it.

11. The Subpoena was signed by Larry Wisser, who is not an attorney.

12. In addition, the Subpoena was not properly completed, as neither the "Production" box nor "Inspection of Premises" box was selected.

13. Also, the Subpoena appears to require compliance by June 30, 2021, which is only five (5) days from the date of service and is an unreasonable time to comply.

14. Furthermore, the Subpoena is directed to "Charles N. Shurr Jr. (Attorney Northwest Bank)" and may require the disclosure of material subject to the attorney-client privilege or other protected items.

15. Lastly, the Subpoena contains an extremely broad reference to "phone messages, bank records, e-mails, text messages, electrical transfers, electronic payments, checks, receipts, online payments".

16. The Subpoena does not include any limits whatsoever regarding the referenced information, including what account, loan(s), or timeframe the material is supposed to pertain.

17. As a result, the Subpoena places an undue burden on the respondent.

18. Based on the foregoing, the Subpoena is improper and must be quashed.

WHEREFORE, Northwest Bank respectfully requests this Honorable Court enter an Order, substantially in the form of the attached proposed Order, quashing the Subpoena dated June 23, 2021 issued by the Debtors to counsel to Northwest Bank and granting such other and further relief as is just and equitable under the circumstances.

Respectfully Submitted,

KOZLOFF STOUDT

By: /s/ Charles N. Shurr, Jr.
Charles N. Shurr, Jr., Esquire
2640 Westview Drive
Wyomissing, PA 19610
(610) 670-2552
Attorneys for Northwest Bank