United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  Case No. 20-14201-pmm
Larry Lee Wisser  Chapter 12
Cathleen Rachel Wisser
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4      User: admin      Page 1 of 2
Date Rcvd: Jun 29, 2021      Form ID: pdf900      Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 01, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | + Larry Lee Wisser, Cathleen Rachel Wisser, 8149 Bausch Road, New Tripoli, PA 18066-3614 |
| cr | + New Tripoli Bank, Seitz, Lesavoy Butz & Seitz LLC, c/o Jack M. Seitz, Esq., 1620 Pond Road, Suite 200 Allentown, PA 18104-2255 |
| cr | + Northwest Bank, successor to Union Community Bank, c/o Charles N. Shurr, Jr., Esquire, Kozloff Stoudt, 2640 Westview Drive, Wyomissing, PA 19610-1186 |
| cr | + Northwestern Lehigh School District and Weisenberg, c/o Portnoff Law Associates, Ltd., P.O. Box 3020, Norristown, PA 19404-3020 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2021      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 29, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CHARLES LAPUTKA | on behalf of Plaintiff Larry Lee Wisser claputka@laputkalaw.com jen@laputkalaw.com;milda@laputkalaw.com;bkeil@laputkalaw.com |
| CHARLES LAPUTKA | on behalf of Plaintiff Cathleen Rachel Wisser claputka@laputkalaw.com jen@laputkalaw.com;milda@laputkalaw.com;bkeil@laputkalaw.com |
| CHARLES N. SHURR, JR. | on behalf of Creditor Northwest Bank  successor to Union Community Bank cshurr@kozloffstoudt.com, dgabala@kozloffstoudt.com;jkrallis@kozloffstoudt.com;lbemis@kozloffstoudt.com |

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 29, 2021 | Form ID: pdf900 | Total Noticed: 4 |

JACK M. SEITZ
    on behalf of Creditor New Tripoli Bank  Seitz jseitz@lesavoybutz.com, sblake@lesavoybutz.com

JAMES RANDOLPH WOOD
    on behalf of Creditor Northwestern Lehigh School District and Weisenberg Township jwood@portnoffonline.com jwood@ecf.inforuptcy.com

REBECCA ANN SOLARZ
    on behalf of Creditor United States of America  acting through the Farm Service Agency, U.S. Department of Agriculture bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 12)
    ECFMail@ReadingCh13.com

SCOTT F. WATERMAN (Chapter 12)
    on behalf of Trustee SCOTT F. WATERMAN (Chapter 12) ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-14201 |
| | : | |
| LARRY LEE WISSER and | : | |
| CATHLEEN RACHEL WISSER, | : | |
| Debtors | : | Chapter 12 |

### ORDER

AND NOW, upon consideration of Northwest Bank's Motion to Expedite the Hearing on its Motion to Quash Subpoena issued by the Debtors ("Motion to Expedite");

It is hereby **ordered** that:

1)    The Motion to Expedite is **granted**;

2)    A hearing to consider the merits of the Motion to Quash Subpoenas Issued by the Debtors ("Motion to Quash") will be held on **June 30, 2021 at 10:00 a.m.** ("Hearing");

3)    Due to the limitations on public gatherings, the **Hearing will be conducted remotely by Zoom video conference** (see procedures, below);

4)    Written objections or other responsive pleadings to the Motion to Quash (while not required) may be filed up to the time of the Hearing and all objections will be considered at the Hearing;

5)    The Movant, Northwest Bank, shall serve the Motion to Quash and this Order on the U.S. Trustee, the Chapter 12 Trustee, all secured creditors and all priority creditors by facsimile transmission or email no later than **5:00 p.m. on Tuesday, June 29, 2021**. The Movant shall notify the pro se Debtors of the Hearing by telephone or process server no later than **5:00 p.m. on Tuesday, June 29, 2021**.

6) The Movant shall serve this Order and Notice of the Motion to Quash in conformity with Local Bankruptcy Form 9014-3 on all other parties in interest, including creditors, by regular mail no later than **5:00 p.m. on Tuesday, June 29, 2021**.

7) The Movant shall file a Certification of Service as required by Local Rule 9014-4.

8) The parties shall comply with the following procedures in connection with the Hearing to be held via Zoom Teleconference:

### Technological and Logistical Protocols

1. Any attorney or party or representative of a party wishing to attend the Hearing and participate by video shall notify the Courtroom Deputy (Barbara_Spinka@paeb.uscourts.gov) at least 17 hours prior to the Hearing in order to obtain the access information to the Hearing.[1]

2. **EACH PARTY CALLING A WITNESS IS RESPONSIBLE FOR PROVIDING THE ZOOM LINK TO THE WITNESS.**

3. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

4. When signing into Zoom, each participant shall use their first and last name as their screen name, not an e-mail address or nickname.

5. Counsel and parties must treat the proceeding as if it were in open court. Appropriate dress and decorum are required.

---

[1] An attorney may make the request on behalf of a client or client representative.

6. To reduce the risk of transmission problems with the video or audio during the Hearing, the parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the court limit themselves to audio participation. The court reserves the right to limit the attendance of non-litigants and their counsel to receipt of audio.

7. No participant may use a virtual background without Court permission. Any virtual background must be dignified and respectful. The background may not contain any messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate. **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

8. During testimony by a party or witness, no one is permitted to communicate - via text or chat application or any other means - with the testifying witness except by way of on the record oral questions directed toward that witness.

9. All participants must appear on camera during the entire hearing, whether or not they are speaking, unless the Court directs otherwise.

10. Participants must limit or eliminate background distractions.

11. If, during the course of the proceeding, it becomes necessary for counsel to consult with a client in private, counsel may request to be sent to a breakout room for a short time to have a private conversation. However, this Paragraph does not apply during testimony.

12. **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE HEARING. FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

**Date: June 29, 2021**

BY THE COURT:

*Patricia M. Mayer*
_____
Patricia M. Mayer, J.