Shawn J. Lau, Esquire
Lau & Associates, P.C.
Attorney for Debtors
4228 St. Lawrence Avenue
Reading, PA 19606
610-370-2000 phone
610-370-0700 fax
shawn_lau@msn.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: <br> LARRY LEE WISSER and <br> CATHLEEN RACHEL WISSER, <br> Debtors | BANKRUPTCY NO. 20-14201 <br><br> CHAPTER NO. 12 |
|---|---|

### DEBTORS' OBJECTION TO PROOF OF CLAIM 1-1 BY NORTHWEST BANK, SUCCESSOR TO UNION COMMUNITY BANK, SUCCESSOR TO UNION NATIONAL COMMUNITY BANK

COME NOW the Debtors, Larry Lee Wisser and Cathleen Rachel Wisser ("Debtors"), by and through their undersigned counsel, and hereby file this Objection to Proof of Claim 1-1 by Northwest Bank, and in support thereof do state and aver as follows:

1.	Debtors initiated this action through the filing of a Chapter 12 Bankruptcy Petition on October 22, 2020.

2.	On November 12, 2020, Northwest Bank, successor to Union Community Bank, successor to Union National Community Bank (hereinafter "Northwest") filed Proof of Claim 1-1 in this matter, setting forth a secured claim in the amount of $418,320.09 accruing interest at a rate of 7.00% per annum. A true and correct copy of the Proof of Claim 1-1 and the supporting documentation filed with it by Northwest is attached hereto as "Exhibit A."

3.	This claim arises from a mortgage and note, with a series of amendments, that Northwest allegedly entered into with the Debtors in 2006. [Exhibit A].

4.	Northwest relies on those documents in seeking "Legal Fees and Costs through 10/22/20" in the amount of $28,364.02. [Id.]

5.	Further, Northwest relies on such documents to support "Accrued Interest through 10/22/20" in the amount of $58,923.49. [Id.]

6. Further, Northwest relies on such documents in seeking "Late Charges through 10/22/20" in the amount of $23,000.16. [Id.]

7. However, Northwest fails to mention that its right to collect any amounts, and the amounts which it is entitled to collect, on the mortgage and note has been reduced to a state court judgment, which is the proper basis of any claim Northwest may have in this matter.

8. On August 2, 2016, Northwest, through its predecessor Union Community Bank, filed Civil Action No. 2016-C-2244 in the Court of Common Pleas of Lehigh County ("Lehigh Action") seeking judgment relying on the same mortgage and notes used to support Proof of Claim 1-1 in this matter. A true and correct copy of the Complaint is attached hereto as "Exhibit B."

9. This Complaint set forth the unpaid principal as of July 20, 2016 at $349,982.12. [Id. at ¶ 12].

10. On September 28, 2017 the Court of Common Pleas of Lehigh County entered a verdict in favor of Northwest and against the Debtors in an amount of $344,061.67. A true and correct copy of this Verdict is attached hereto as "Exhibit C."

11. The Verdict entered in such matter does not provide for the assessment of attorney's fees or legal costs, and in fact specifically excludes them, nor does it allow for the inclusion of late charges. [Exhibit C].

12. On April 23, 2018, Northwest, through counsel, sought to enter judgment in an amount of $344,061.67, with interest, but not seeking the assessment of attorney's fees or late charges. A true and correct copy of this Praecipe to Enter Judgment is attached hereto as "Exhibit D."

13. Thereafter, on July 17, 2020, Northwest sought a Writ of Execution in the amount of $344,061.67 plus interest, not seeking attorney's fees or late charges. A true and correct copy of this Praecipe for Writ of Execution is attached hereto as "Exhibit E."

14. A review of the docket for the Lehigh Action shows that, at no point, has Northwest sought the reassessment of damages, despite having the opportunity to do so. A true and correct copy of the docket is attached hereto as "Exhibit F."

15. Where a state court has rendered judgment on a mortgage expressly setting forth the claim amount, a creditor's claim "must be measured in accordance with the state court . . .judgment, rather than by computation of what the components of the claim might be had judgment never entered." In re Johnson, 140 B.R. 850, 853 (Bankr. E.D. Pa. 1992).

16. It is generally recognized that a Bankruptcy Court cannot simply reassess a state court judgment because of the filing of a proof of claim, especially where the judgment does not include language allowing for such reassessment. Id. at 854-55.

17. Further, the Rooker-Feldman Doctrine prevents this Honorable Court from entertaining any attempt by Northwest to reassess the state court judgment setting forth the debt owed on the mortgage and promissory note that underlie Northwest's claim in this matter.

18. Here, despite Northwest initially seeking attorney's fees and costs, and late charges, in the Lehigh Action, the Court of Common Pleas of Lehigh County did not include such fees, costs, or charges in its verdict. [Exhibit B]; [Exhibit C].

19. Further, despite having years to do so, Northwest has recognized this by never seeking the addition of attorney's fees and costs, or late charges, to be included in the judgment, or seeking the reassessment of damages to include such amounts. [Exhibit D]; [Exhibit E].

20. Despite not doing so, Northwest has now filed a proof of claim in the amount of $418,320.09, seeking the inclusion of $23.000.16 in late fees and $28,364.02 in legal fees and costs, for a total of $51,364.18 included in its Proof of Claim which is not supported by the underlying state court judgment. [Exhibit A].

21. As such, Debtors object to Claim 1-1, asserting that it is exceeds the amounts considered and authorized by the state court judgment in the Lehigh Action in an amount of no less than $51,364.18 as set forth in paragraph 20 hereinabove.

22. Further, in its proof of claim Northwest admits that it has, since the date of judgment, received at least $44,567.00 from the Debtors, apparent from the reduction in principal set forth between the Proof of Claim and the Complaint initially filed in the Lehigh Action. [Exhibit A]; [Exhibit B at ¶ 12].

23. Northwest has provided no accounting showing the application of any payments received through this time, their application to principal and interest, or any other costs which were allowed by the judgment. [Exhibit A].

24. As such, Debtors believe and therefore aver that Northwest's proof of claim is further in excess of the actual amount of the claim, and that such interest calculations are inaccurate.

25. As such, Debtors believe and therefore aver the actual amount of the claim is less than even the $344,061.67 admitted by Northwest as being the amount of the state court judgment on July 17, 2020. [Exhibit E].

26. Northwest is limited solely to collection of the amount of the state court judgment entered in this matter, the claim filed by Northwest should not exceed

$344,061.67 plus any interest allowable per the terms of the judgment, less any payment received from the Debtors on account of the debt from the date of entry.

27. Therefore, Debtors object to the Proof of Claim filed by Northwest as Claim 1-1 on the grounds it seeks amounts not allowable pursuant to the related state court judgment, does not account for payments made since the entry of said judgment, and does not provide enough support so as to reasonably calculate the amounts actually due, if any.

WHEREFORE the Debtors pray:

 a. This Honorable Court sustain the Debtors' Objection to Northwest Bank, successor to Union Community Bank, successor to Union National Community Bank's claim filed at Proof of Claim 1-1, and;

 b. Northwest Bank, successor to Union Community Bank, successor to Union National Community Bank's claim be reduced solely to the amounts due pursuant to the judgment entered by the Court of Common Pleas of Lehigh County in this matter, being the principal and accrued interest only, less the application of any payments received by Northwest Bank, successor to Union Community Bank, successor to Union National Community Bank from or on behalf of the Debtors since the date of entry, and;

 c. Order Northwest Bank, successor to Union Community Bank, successor to Union National Community Bank to provide an accounting of all such amounts, and;

 d. any such other and further relief as may be justified.

**LAU & ASSOCIATES, P.C.**

Date: **8/23/2021**   By: _/s/Shawn J. Lau_
**Shawn J. Lau, Esquire**
**Lau & Associates, P.C.**
**4228 St. Lawrence Avenue**
**Reading, PA  19606**
**610-370-2000**