Shawn J. Lau, Esquire
Lau & Associates, P.C.
Attorney for Debtors
4228 St. Lawrence Avenue
Reading, PA 19606
610-370-2000 phone
610-370-0700 fax
shawn_lau@msn.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:<br>LARRY LEE WISSER and<br>CATHLEEN RACHEL WISSER,<br>Debtors | BANKRUPTCY NO. 20-14201<br><br>CHAPTER NO. 12 |
|---|---|

### DEBTORS' OBJECTION TO PROOF OF CLAIM 11-1 FILED BY THE UNITED STATES OF AMERICA, ACTING THROUGH USDA-FARM SERVICE AGENCY

  COME NOW the Debtors, Larry Lee Wisser and Cathleen Rachel Wisser ("Debtors"), by and through their undersigned counsel, and hereby file this Objection to Proof of Claim 11-1 by United States of America, Acting through USDA-Farm Service Agency, and in support thereof do state and aver as follows:

  1. Debtors initiated this action through the filing of a Chapter 12 Bankruptcy Petition on October 22, 2020.

  2. On November 23, 2020, the United States of America, Acting through USDA-Farm Service Agency (hereinafter "USDA") filed Proof of Claim 11-1 in this matter, setting forth a secured claim in the amount of $501,231.29 accruing interest at a rate of 3.38% per annum. A true and correct copy of the Proof of Claim 11-1 and the supporting documentation filed with it by USDA is attached hereto as "Exhibit A."

  3. This claim arises from a series of promissory notes allegedly executed between USDA and the Debtors. [Exhibit A].

  4. It appears, though is not admitted by the Debtors, that the USDA is alleging the underlying debt is the result of five (5) alleged loans comprised of sixteen (16) promissory notes across them. [Id.]

  5. USDA first alleges Debtors incurred indebtedness in the amount of $150,000.00 under a Loan # 44-01 on or about November 10, 2004. [Id. at Pages 29-31].

6. USDA has previously asserted this loan was set forth for "$14,000.00 to purchase cows[ ,] $6,000.00 for tractor repair [, and] $130,000.00 to refinance another loan with Blue Ball Bank" in a response to a an objection to a proof of claim filed in a prior bankruptcy, docketed in this district at No. 18-14949, a true and correct copy of which is attached hereto as "Exhibit B."

7. USDA has previously asserted that the funds underlying this Loan # 44-01 were directly disbursed to the Debtors by three (3) checks: $99,000.00 on 11/1/2004, $50,999.00 on 11/10/2004, and $1.00 on 1/19/2018. [Exhibit B at ¶¶ 15-16].

8. Debtors state that they did not receive these disbursements.

9. Indeed, the proof of claim submitted by the USDA, read in conjunction with prior assertions, creates confusion as to when, or whether, such disbursements under Loan # 44-01 were made.

10. The documentation for Loan # 44-01 submitted by the USDA states different disbursement dates for the proceeds, setting forth disbursements of $99,000.00 on 11/10/2004, $50,999.00 on 11/10/2004, and $1.00 on 11/18/2004. [Exhibit A at Page 31].

11. Further, Debtors records show the balance for the Blue Ball Bank payoff was not the $130,000.00 asserted by the USDA, but rather an amount of $122,615.06 paid from an AmericanBank Account held by the Debtors. A true and correct copy of the check for such payment is attached hereto as "Exhibit C."

12. Debtors believe and therefore aver that, at the time the above-referenced payment to Blue Ball National Bank was issued, the AmericanBank Account did not hold any funds received from the USDA, but rather funds separately received for a Farm Preservation Easement through a separate entity.

13. As such, Debtors believe and therefore aver that at least the $130,000.00 asserted by the USDA as being issued as part of the $150,000.00 Loan # 44-01 was never actually disbursed to the Debtors, nor paid to Blue Ball National Bank.

14. The USDA has submitted no checks, proofs of disbursement, or transfer records supporting the disbursement of these amounts either in this action or in any prior action.

15. As such, Debtors believe and therefore aver the entire amount of Loan # 44-01 may never have actually be disbursed to the Debtors.

16. It appears the USDA is claiming Loan # 44-01 was restructured into Loan # 44-04 on December 21, 2006 for the balance of $140,818.28 alleged to remain due and owing, then again restructured into Loan # 44-10 on July 2, 2010 in the amount of

$132,512.81, then again restructured into Loan 44-15 on April 18, 2012 in the amount of $121,641.61. [Exhibit A].

17.     As Debtors believe, and therefore aver, the total amount of Loan # 44-01 was never disbursed to them, or to any other party on their behalf, and the USDA has provided no proof that such disbursements or payments ever actually occurred outside of recitations that, read in conjunction with prior assertions of the USDA, are confusing and misleading as to the date of such disbursements, the Debtors object to the inclusion of Loan # 44-15 in the calculation of the USDA's claim in this matter in full, being an amount of $150,000.

18.     The USDA further asserts Debtors incurred liability as a result of a promissory note executed August 8, 2005 in an amount of $200,000.00 issued under Loan # 41-02. [Exhibit A].

19.     The USDA has previously asserted this loan was disbursed to a supervised account held jointly by the USDA and the Debtors on September 15, 2005 in the amount of $1.00, October 28, 2005 in the amount of $75,000.00, December 14, 2005 in an amount of $50,000.00, and January 24, 2006 in an amount of $74,999.00. [Exhibit B at ¶¶ 27-28].

20.     The USDA has previously asserted such supervised account, on September 21, 2005, had disbursed to it funds from Union National Bank and not the USDA in the amount of $248,880.43. [Id. at ¶ 29].

21.     The USDA previously submitted the ledger for the Union National Bank account Loan # 41-02 was allegedly disbursed to. [Id. at pages 33-41.]

22.     Thereafter, it appears the USDA alleges Loan # 41-02 was restructured on December 21, 2006 for a total amount of $199,250.90 as Loan # 41-05, then again on July 2, 2010 in the amount of $204,824.24 as Loan # 41-08, then again on April 18, 2012 in the amount of $203,357.96 as Loan # 41-13. [Exhibit A].

23.     The USDA appears, in its calculations supporting the underlying claim in this matter, to be charging interest from the date of the initial loan closing in August of 2005 for Loan # 41-02, to the best of the Debtors' ability to discern from the claim as filed.

24.     However, the USDA shows that Loan # 41-02 was not disbursed fully until, at the earliest, January 24, 2006.

25.     As such, interest should not have begun accruing on the full amounts allegedly due under Loan # 41-02 until after final disbursement.

26. Accordingly, Debtors object to the extent the amounts sought pursuant to Loan # 41-13 underlying their claim in this matter includes interest improperly charged to the Debtors' account under Loan # 41-02.

27. Further, claim documentation submitted by the USDA does not clearly show Loan # 41-13 arises from Loan # 41-02.

28. Loan # 41-13 states that it arises from a reamortization of Loan # 41-08, pursuant to a paragraph of the underlying promissory note requiring the lender to identify the loan which the reamortization applies to. [Exhibit A at pages 42-44, ¶ 17].

29. Loan # 41-08 states it arises from the "rescheduling" of Loan # 41-05 pursuant to the same provision of that promissory note. [Id. at pages 45-47, ¶ 17].

30. Loan # 41-05, while stating it is a reamortization, does not set forth as required by the plain wording of the promissory note what, if any, loan it is intended to apply to. [Id. at pages 48-50].

31. Accordingly, Debtors are unable to discern, from the information provided by the USDA, whether the amount claimed under Loan # 41-13, and thus forming the substance of the proof of claim, is derived from a valid loan based on the failure of the USDA to properly identify the basis of such loan in the originating paperwork submitted at Loan # 41-05.

32. No supporting documentation indicating any part of the amount set forth in Loan # 41-05 was ever disbursed has been submitted in support of the USDA's claim.

33. As such, Debtors object to the portion of the claim amount derived from Loan # 41-13, being $261,050.26.

34. USDA asserts a portion of their claim is derived from principal and interest under Loan # 44-14 in a principal amount of $34,545.09, interest accrued in the amount of $1,516.68, and deferred interest in an amount of $2,159.07, for a total amount of $38,220.84. [Exhibit A].

35. USDA asserts, and has previously asserted, that Loan # 44-14, issued on April 18, 2012, is a restructuring of Loan # 44-09 on July 2, 2010, which is a restructuring of Loan 44-03 issued on December 21, 2006 in an amount of $40,000.00 that was placed in a supervised account at Citizen's Bank that was held jointly between the Debtors and the USDA. [Exhibit A]; [Exhibit B at ¶¶ 39-46].

36. Loan # 44-03, the underlying originating loan for the asserted Loan # 44-14, bore interest at a rate of 5.0% per annum. [Exhibit A at pages 17-19].

37. USDA asserts full disbursement of Loan # 44-03 was made on December 21, 2006. [Id. at ¶ 19].

38. However, the USDA has previously admitted the disbursement on December 21, 2006 was in the amount of $1.00, and the majority of the loan proceeds were not disbursed until March 30, 2007. [Exhibit B at ¶ 42, page 59-60].

39. As such, Debtors believe and therefore aver interest under Loan # 44-03, and therefore under Loan # 44-14, was improperly assessed against them for the full balance of $40,000.00 from December 21, 2006, despite disbursement not having been made until March 30, 2007.

40. As such, Debtors object to the portion of the USDA's claim to the extent it seeks improperly applied interest accrued under Loan # 44-14 and the predecessor loans from which it was restructured.

41. Further, Debtors object to Loan # 44-14 to the extent funds disbursed to a USDA controlled account were actually disbursed for proper purposes.

42. The USDA has previously asserted Loan # 44-03, which has been restructured into Loan # 44-14, was for the "purchase of fifteen cows and additional heifers and cows." [Exhibit B at ¶ 40].

43. At all times from disbursement, the USDA maintained supervision and control over the account into which these loan proceeds were placed.

44. Previously the USDA has asserted these funds were utilized for a purchase of "12 cows" at auction on April 10, 2017 and an additional "7 cows" at auction on July 17, 2007. [Id. at pages 59-60].

45. However, disbursements from the USDA controlled account indicate two addition payments were made with proceeds from Loan # 44-03, being a payment of $7,950.00 on March 31, 2007 to "Norman Hill" and a payment of $6,972.64 on November 19, 2017 to "Sunnyside Dairy Farms." [Id.].

46. As the USDA supervised account contains notations that nineteen (19) cows were purchased on April 10, 2007 and July 17, 2007, but fail to note what consideration was received – if any – for the payments made on March 31, 2007 and November 19, 2007, Debtors are unable to discern if these funds were disbursed for their benefit and what, if any, consideration was received in return for these payments.

47. Debtors believe and therefore aver the USDA, or its representatives, may have disbursed such funds without their knowledge or approval and not for their benefit.

48. As the USDA controlled the account into which such funds were placed, Debtors believe and therefore aver it bears responsibility for any improper usage of funds.

49. As such, Debtors further objects to the USDA's claim in the amount of $14,922.64, being the amount of the two transactions set forth above, and demands proof such disbursements were made by the USDA representatives to the benefit of the Debtors and for consideration actually received.

50. USDA asserts a portion of their claim is derived from Loan # 44-06 issued on October 29, 2008 in an amount of $90,000.00 at an interest rate of 3.75$ per annum. [Exhibit A at pages 38-41].

51. The USDA appears to assert Loan # 44-06 was restructured on July 2, 2010 for an amount of $87,148.48 under Loan # 44-11, and then restructured again on April 18, 2012 in an amount of $80,000.37 under Loan # 44-16, which is asserted as the basis of their proof of claim. [Exhibit A].

52. Of the amount claimed under the Proof of Claim, Loan # 44-16 appears to account for $80,876.01, $74,758.12 of which is unpaid principal, $2,277.41 of which is accrued interest, and $3,840.48 of which is deferred interest. [Exhibit A].

53. Previously the USDA has asserted this loan was for the "purchase of thirty cows" for $30,000.00 and the "refinance of certain debts" for $60,000.00. [Exhibit B at ¶ 51].

54. The USDA has previously stated all disbursements for Loan # 44-06, which underlies the Loan # 44-16 in this proof of claim, were made to a Citizen's Bank account supervised and within the control of the USDA and/or its agents. [Id. at ¶ 52].

55. The USDA has previously asserted such disbursement occurred in full on October 22, 2008. [Exhibit B at ¶ 53].

56. The USDA then attached a register of handwritten withdrawals, indicating disbursements as follows:

      a. Agri-Applicators, Inc on 10/29/2008 in an amount of $4,109.39;
      b. Mark Hershey Farms, Inc on 10/29/2008 in an amount of $15,000.00;
      c. Sunnyside Dairy Farms on 10/29/2008 in an amount of $5,465.00;
      d. Select Sire Power, Inc on 10/29/2008 in an amount of $5,824.84;
      e. Quakertown Vet Clinic on 10/29/2008 in an amount of $5,192.84;
      f. Portnoff Law Ass. LTD on 10/29/2008 in an amount of $3,814.07;
      g. Cathleen Wisser on 11/24/2008 in an amount of $40,000.00;
      h. Fisher Quality Dairy on 2/6/2009 in an amount of $2,400.00;
      i. Fisher Quality Dairy on 2/20/2009 in an amount of $5,675.00;
      j. Cathleen Wisser on 5/27/2009 in an amount of $2,518.86.

[Exhibit B at pages 75-76].

57. No documentation supporting the debts which were allegedly paid from this account by the USDA or its agent are included either in the Proof of Claim or in the previous statements of the USDA relating to this loan. [Exhibit A]; [Exhibit B].

58. The only notation of the reason for any disbursement from Loan # 44-06 is on the $40,000.00 disbursed to Cathleen Wisser, which is noted as being for "cows" on 11/24/2008. [Exhibit B at page 76].

59. As such, the USDA's statement that "$30,000" was for the purchase of cows made previously in this matter is incorrect, as their records indicate that amount was $40,000.00.

60. Further, the Debtors believe and therefore aver, given the error in the USDA's calculations and the lack of information supporting the payment of only just debts, that some of the recounted disbursements allegedly made for debts out of Loan # 44-06 were not so made, or have no support as being necessary payments.

61. As the USDA supervised and controlled the account, the Debtors believe it owed a duty to administer the account in the best interests of the Debtors, and to either retain or turn over to the Debtors for advisement any notifications of payments and the reasons therefore.

62. As the USDA has submitted no documentation supporting the reasonableness and necessity for the disbursement of at least $50,000.00 of the proceeds of Loan # 44-06 from an account under the USDA's supervision and control, the Debtors object to the Proof of Claim from the resulting Loan # 44-15 in the amount of $50,000.00 as being funds not used for the benefit of the Debtors while in the control of the USDA.

63. The USDA further includes in their Proof of Claim Loan # 44-12 issued on April 18, 2012 in a total amount of $26,304.69, of which $23,774.94 is principal, $1,043.82 is accrued interest, and $1,485.93 is deferred interest. [Exhibit A].

64. The USDA has previously stated Loan # 44-12 is a restructuring of Loan # 44-07 issued on July 2, 2010 in an amount of $30,000.00, disbursed on 7/3/2010 to the same USDA supervised Citizen's Bank account. [Exhibit B at ¶¶ 60-63].

65. The USDA previously stated that Loan # 44-07 was issued for the purchase of twenty (20) cows. [Exhibit B at ¶ 61].

66. A review of the records previously submitted by the USDA supports, on their face, only the following payments for cows from this amount:
    a. 7/26/2010 payment of $15,000.00 to Fisher's Quality Dairy Sales marked "7 cows";
    b. 8/19/2010 payment of $4,050.00 to Fisher Dairy Sales marked "6 cows";

    c. 9/27/2010 payment of $4,950.00 to Fisher's Quality Dairy Sales for "3 cows."

[Exhibit B at pages 76-77].

  67. Accordingly, on the face of the records submitted previously by the USDA, only the purchase of sixteen cows is supported. [Id.]

  68. Likewise, no indication or justification is made for the payment of $3,000.00 of those proceeds on September 30, 2010, nor does any bill of sale, cancelled check, or other supporting documentation appear to have ever been provided. [Id.]

  69. Likewise, there is no indication of the purpose or reason behind the August 31, 2010 disbursement of $1,000.00 to "Goodwill Mutual Casualty Company." [Id].

  70. As such, Debtors believe and therefore aver that at least $4,000.00 of the $30,000.00 Loan # 44-07 was not used by the USDA agent supervising the Debtors' account for the purpose of purchasing cows, being the sole purpose set forth for such loan.

  71. As such, the Debtors believe and therefore aver the USDA's claim is deficient as to $4,000.00 of the amount claimed pursuant to Loan # 44-12.

  72. As a result thereof, Debtors object to $4,000.00 of the claim amount arising from Loan # 44-12 as not resulting from a debt incurred on behalf of or to the benefit of the Debtors by the USDA agent(s) in control of the account into which such funds were placed.

WHEREFORE the Debtors pray:

    a. This Honorable Court sustain the Debtors' Objection to he United States of America, Acting through USDA-Farm Service Agency's claim filed at Proof of Claim 11-1, and;

    b. The United States of America, Acting through USDA-Farm Service Agency's claim be reduced to solely those documentable amounts actually disbursed to the Debtors and used for their benefits, believed to be no more than $266,141.51 at the most and possibly much less;

    c. Order the United States of America, Acting through USDA-Farm Service Agency to provide an accounting of all such amounts claimed as owed, including any supporting paperwork related thereto, so that the true and accurate amount of the claim may be determined and;

      d. any such other and further relief as may be justified.

<b>LAU & ASSOCIATES, P.C.</b>

**Date:** <u>8/24/2021</u>        **By:** <u>*/s/ Shawn J. Lau*</u>
      **Shawn J. Lau, Esquire**
      **Lau & Associates, P.C.**
      **4228 St. Lawrence Avenue**
      **Reading, PA  19606**
      **610-370-2000**