# EXHIBIT A

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | LARRY LEE WISSER |
| Debtor 2 (Spouse, if filing) | CATHLEEN RACHEL WISSER |
| United States Bankruptcy Court for the: | Eastern District of Pennsylvania |
| Case number | 20-14201-pmm |

FILED

NOV 2 3 2020

TIMOTHY McGRATH, CLERK
BY _____ DEP. CLERK

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

United States of America, Acting through USDA-Farm Service Agency
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  FmHA

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Berks County FSA
Name

1238 County Welfare Road, Suite 240
Number    Street

Leesport          PA       19533
City              State    ZIP Code

Contact phone  610-478-7158

Contact email  Bruce.Brown@USDA.GOV

**Where should payments to the creditor be sent?** (if different)

Name

Number    Street

City              State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __1__ __0__ __9__ __2__ |

---

| | |
|---|---|
| 7. **How much is the claim?** | $_____ 501,231.29  **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

MONEY LOANED _____

---

9. **Is all or part of the claim secured?**

☐ No
☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☑ **Real estate.** If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ **Motor vehicle**
☑ **Other.** Describe:   CHATTEL _____

**Basis for perfection:**   Mortgage, UCC-1, Security Agreement _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**              $    1,082,000.00
**Amount of the claim that is secured:**   $    501,231.29

**Amount of the claim that is unsecured:**  $_____ 0.00  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $    116,862.95

**Annual Interest Rate** (when case was filed) __3.38__ %
☑ Fixed
☐ Variable

---

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

11. **Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property: see attachment _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ **Yes.** *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/06/2020
                  MM / DD / YYYY

Signature  *Gary H. Groves*

**Print the name of the person who is completing and signing this claim:**

| Name | Gary H. Groves | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Pennsylvania State Director | | |
| Company | Farm Service Agency | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 359 East Park Drive, Suite 1 | | |
| | Number      Street | | |
| | Harrisburg | PA | 17111 |
| | City | State | ZIP Code |
| Contact phone | 717-237-2115 | Email Gary.Groves@USDA.GOV | |

| Customer: | **WISSER , CATHLEEN R** | Case #: | **44-039-*****1092** | |

**Total Payoff**

Customer Name : WISSER, CATHLEEN R
Case Number    : 44-039-*****1092
Accrual Date    : 10/22/2020

The Total displays the sum of the selected loans.

**Payoff Summary**

| Fund Code / Loan # | Date of Loan | Principal Balance | Total Interest | Daily Int. Accrual | Total Payoff |
|---|---|---|---|---|---|
| 4430-12 | 04/18/2012 | $23,774.94 | $2,529.75 | $0.8142 | $26,304.69 |
| | Date of Last Cash Payment: | | | | |
| | Principal Amounts | | Unpaid Principal: | | $23,774.94 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | Interest Amounts | | Accrued Interest: | | $1,043.82 |
| | | | Accrued Interest Advance: | | $0.00 |
| | | | Unpaid Deferred Interest: | | $1,485.93 |
| 4130-13 | 04/18/2012 | $732,907.96 | $58,490.63 | $67.7688 | $791,398.59 |
| | Date of Last Cash Payment: 08/18/2017 | | | | |
| | Principal Amounts | | Unpaid Principal: | | $203,357.96 |
| | | | Unpaid Principal Advance: | | $529,550.00 |
| | Interest Amounts | | Accrued Interest: | | $23,771.38 |
| | | | Accrued Interest Advance: | | $798.33 |
| | | | Unpaid Deferred Interest: | | $33,920.92 |
| 4430-14 | 04/18/2012 | $34,545.09 | $3,675.75 | $1.1831 | $38,220.84 |
| | Date of Last Cash Payment: | | | | |
| | Principal Amounts | | Unpaid Principal: | | $34,545.09 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | Interest Amounts | | Accrued Interest: | | $1,516.68 |
| | | | Accrued Interest Advance: | | $0.00 |
| | | | Unpaid Deferred Interest: | | $2,159.07 |
| 4430-15 | 04/18/2012 | $88,234.66 | $6,544.83 | $3.0217 | $94,779.49 |
| | Date of Last Cash Payment: 05/27/2020 | | | | |
| | Principal Amounts | | Unpaid Principal: | | $88,234.66 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | Interest Amounts | | Accrued Interest: | | $1,304.42 |
| | | | Accrued Interest Advance: | | $0.00 |
| | | | Unpaid Deferred Interest: | | $5,240.41 |
| 4430-16 | 04/18/2012 | $74,758.12 | $6,117.89 | $2.5602 | $80,876.01 |
| | Date of Last Cash Payment: 02/04/2019 | | | | |
| | Principal Amounts | | Unpaid Principal: | | $74,758.12 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | Interest Amounts | | Accrued Interest: | | $2,277.41 |
| | | | Accrued Interest Advance: | | $0.00 |
| | | | Unpaid Deferred Interest: | | $3,840.48 |
| **Total** | | **$954,220.77** | **$77,358.85** | **$75.3480** | **$1,031,579.62** |
| | Principal Amounts | | Unpaid Principal: | | $424,670.77 |
| | | | Unpaid Principal Advance: | | $529,550.00 |
| | Interest Amounts | | Accrued Interest: | | $29,913.71 |
| | | | Accrued Interest Advance: | | $798.33 |
| | | | Unpaid Deferred Interest: | | $46,646.81 |

*501,231.29* (handwritten)

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name CATHLEEN R. WISSER & LARRY L. WISSER | 2. State PENNSYLVANIA | 3. County LEHIGH |
|---|---|---|

| 4. Case Number | 5. Fund Code 44 | 6. Loan Number 12 | 7. Date APRIL 18, 2012 |
|---|---|---|---|

**8. TYPE OF ASSISTANCE**

**9. ACTION REQUIRING PROMISSORY NOTE:**

- ☐ Initial loan
- ☐ Conservation easement
- ☐ Deferred payments
- ☐ Consolidation
- ☐ Rescheduling
- ☐ Debt write down
- ☐ Subsequent loan
- ☒ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*  1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  TWENTY THREE THOUSAND SEVEN HUNDRED SEVENTY FOUR DOLLARS AND 94/100------------------- dollars *(c)* ($ 23,774.94------------------------ , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND ONE-FOURTH------------------------------------------ percent *(e)*  1.250%-- %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  FIFTEEN (15)------------------------------------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,693.00 | 4/18/2018 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $  2,693.00----  thereafter on the *(e)* APRIL 18th  of each *(f)* YEARLY  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  FIFTEEN (15)-------  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _CRW LLW_ Date _4-18-12_



FSA-2026 (09-07-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-07 | $ 30,000.00 | 2.8750 % | 7/2/2012 | Cathleen R. Wisser & Larry L. Wisser | 7/2/2017 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _LLW CRW_ Date _4/18/2012_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated (1)____April 18, 2012_____original amount of $(2)___23,774.94____ at an annual interest rate of (3)___1.250___percent. This agreement amends and attaches to the above note. $(4)___149.00____ of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 765. I agree to sign a supplementary payment agreement and make additional payments if during the deferral period I have a substantial increase in income and repayment ability.


_Cathleen R Wisser_
CATHLEEN R. WISSER            BORROWER


_Larry L. Wisser_
LARRY L. WISSER              CO-BORROWER


NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Rescheduled to Loan 44-12

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| FSA-2026 (04-08-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name CATHLEEN R. WISSER & LARRY L. WISSER | 2. State PENNSYLVANIA | 3. County LEHIGH |
|---|---|---|
| 4. Case Number | 5. Fund Code 44 | 6. Loan Number 07 | 7. Date JULY 2, 2010 |

| 8. TYPE OF ASSISTANCE 106-OL-REG-7YR-SDA |
|---|

**9. ACTION REQUIRING PROMISSORY NOTE:**

- [ ] Initial loan
- [ ] Consolidation
- [x] Subsequent loan
- [ ] Conservation easement
- [x] Rescheduling
- [ ] Reamortization
- [ ] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* 1238 COUNTY WELFARE RD, LEESPORT, PA 19534 or at such other place as the Government may later designate in writing, the principal sum of *(b)* THIRTY THOUSAND DOLLARS AND -------------00/100---------------- dollars *(c)* ($ 30,000.00 , plus interest on the unpaid principal balance at the RATE of *(d)* TWO AND SEVEN EIGHTHS percent *(e)* 2.8750 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* SEVEN 7 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 4,793.00 | 7/2/2011 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 4,793.00 thereafter on the *(e)* JULY 2ND of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* SEVEN (7) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial LLW CRW Date 7/2/2010

FSA-2026 (04-08-10)                                                                    **Page 2 of 3**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>*(MM-DD-YYYY)* | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>*(MM-DD-YYYY)* |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.



Initial _LLW CRW_    Date _7|2|2010_

. FSA-2026 (04-08-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


*Catlleen R. Wisser*
CATHLEEN R. WISSER          (BORROWER)


*Larry L Wisser*
. LARRY L. WISSER          (CO-BORROWER)


NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information
         identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine
         eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to
         other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by
         statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.
         Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees,
         and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information
         provided.

         According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of
         information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to
         complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data
         sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO
         YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026<br>(09-07-10) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>CATHLEEN R. WISSER & LARRY L. WISSER | 2. State<br>PENNSYLVANIA | 3. County<br>LEHIGH |
|---|---|---|

| 4. Case Number | 5. Fund Code<br>44 | 6. Loan Number<br>14 | 7. Date<br>APRIL 18, 2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☒ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* 1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533 or at such other place as the Government may later designate in writing, the principal sum of *(b)* THIRTY FOUR THOUSAND FIVE HUNDRED FOURTY FIVE DOLLARS AND AND 09/100----------- dollars *(c)* ($ 34,545.09------------------- , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND A QUARTER--------------------------------- percent *(e)* 1.250%-- %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* FIFTEEN (15)-------------------------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 3,913.00 | 4/18/2018 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $ 3,913.00-- thereafter on the *(e)* APRIL 18th of each *(f)* YEARLY until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* FIFTEEN (15)---- years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial CRWLL Date 4/18/2012

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-09 | $ 37,643.18 | 2.8750 % | 7/2/2012 | Cathleen R. Wisser & Larry L. Wisser | 7/2/2025 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _LLW CRW_ Date _4/18/2012_



FSA-2026 (09-07-10)                                                                    Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated (1)____April 18, 2012_____original amount of $(2)___34,545.09____ at an annual interest rate of (3)__1.250___percent. This agreement amends and attaches to the above note. $(4)___216.00____ of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 765. I agree to sign a supplementary payment agreement and make additional payments if during the deferral period I have a substantial increase in income and repayment ability.


_Cathleen R Wisser_____
CATHLEEN R. WISSER        BORROWER

_Larry L. Wisser_____
LARRY L. WISSER        CO-BORROWER


NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

*Rescheck to loan 44-14*

*Form Approved - OMB No. 0560-0237*
*(See Page 3 for Privacy Act and Public Burden Statements.)*

This form is available electronically.

| FSA-2026<br>(04-08-10) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>CATHLEEN R. WISSER & LARRY L. WISSER | 2. State<br>PENNSYLVANIA | 3. County<br>LEHIGH |
|---|---|---|
| 4. Case Number | 5. Fund Code<br>44 | 6. Loan Number<br>09 | 7. Date<br>JULY 2, 2010 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [x] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* 1238 COUNTY WELFARE RD,LEESPORT,PA 19534 or at such other place as the Government may later designate in writing, the principal sum of *(b)* THIRY SEVEN THOUSAND SIX HUNDRED FOURTY THREE DOLLARS 18/100--- ------------------------- dollars *(c)* ($ 37,643.18 , plus interest on the unpaid principal balance at the RATE of *(d)* TWO AND SEVEN EIGHTHS

percent *(e)* 2.8750 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* FIFTEEN installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 3,125.00 | 7/2/2011 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 3,125.00 thereafter on the *(e)* JULY 2ND of each *(f)* YEARLY until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* FIFTEEN (15) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial *LLW CRW* Date *7/2/2010*

FSA-2026 (04-08-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-03 | $ 40,000.00 | 5.0000 % | 12/21/2006 | CATHLEEN R WISSER LARRY L. WISSER | 12/21/2013 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial LLW CRW  Date 7/2/2010

FSA-2026 (04-08-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_Cathleen R. Wisser_
CATHLEEN R. WISSER          (BORROWER)


_Larry L. Wisse_
LARRY L. WISSER          (CO-BORROWER)

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: __OL__ | | ☐ Regular |
| | | ☒ Limited Resource |
| Pursuant to: | | |
| ☒ Consolidated Farm & Rural Development Act | | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name | |
|---|---|
| CATHLEEN R. WISSER AND LARRY L. WISSER | |

| 2. State | 3. County |
|---|---|
| PENNSYLVANIA | LEHIGH |

| 4. Case Number | 5. Date |
|---|---|
| [redacted] | DECEMBER 21, 2006 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 03 |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| ☐ | Initial loan | ☐ | Rescheduling |
| ☒ | Subsequent loan | ☐ | Reamortization |
| ☐ | Consolidated & subsequent loan | ☐ | Credit sale |
| ☐ | Consolidation | ☐ | Deferred payments |
| ☐ | Conservation easement | ☐ | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in SUITE 240, 1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533-9710

_____ , or at such other place as the Government may later designate in writing, the principal sum of

FOURTY THOUSAND AND 00/100 ---------------------------------------------------------------------- dollars

($ 40,000.00 ---------------------------------- ), plus interest on the unpaid principal balance at the RATE of

FIVE -------------------------------------------------------------- percent ( -----5.0000 %) per annum and

ZERO --------------------------------------------------------------- dollars ($ 0.00 -------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____SEVEN (7)____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 2,000.00 --------------- on DECEMBER 21, 2007 ; $ 4,042 --------------- on DECEMBER 21, 2008 ;

$ N/A ------------------- on _____ ; $ N/A--------------------- on _____ ;

$ N/A ------------------- on _____ ; $ N/A--------------------- on _____ ;

$ N/A-------------------- on _____ ; $ N/A-------------------- on _____ ;

$ N/A-------------------- on _____ ; $ N/A--------------------- on _____ ;

$ N/A-------------------- on _____ ; $ N/A--------------------- on _____ ;

and $ 4,042.00 ----------------- thereafter on DECEMBER 21ST of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ____SEVEN (7)____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                                                   Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Cathleen R. Wisser_
CATHLEEN R. WISSER                                                                                                                  (Borrower)

_Larry L. Wisser_
LARRY L. WISSER                                                                                                                       (CO-SIGNER)

---

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 40,000.00 | 12/21/2006 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 40,000.00 | |



This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name CATHLEEN R. WISSER & LARRY L. WISSER | 2. State PENNSYLVANIA | 3. County LEHIGH |
|---|---|---|
| 4. Case Number | 5. Fund Code 44 | 6. Loan Number 15 | 7. Date APRIL 18, 2012 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:
- ☐ Initial loan
- ☐ Conservation easement
- ☐ Deferred payments
- ☐ Consolidation
- ☒ Rescheduling
- ☐ Debt write down
- ☐ Subsequent loan
- ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*  1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  EIGHTY THOUSAND DOLLARS and 37/100--------------------- ------------------------------- dollars *(c)* ($  121,641.61---------------- , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND A QUARTER-------------------------------- percent *(e)*  1.250%--  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  FIFTEEN (15)--------------------------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 13,777.00 | 4/18/2018 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $  13,777.00--  thereafter on the *(e)* APRIL 18th  of each *(f)* YEARLY  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  FIFTEEN (15)----  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _____ Date 4/18/2012

FSA-2026 (09-07-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-10 | $ 132,512.81 | 2.8750 % | 7/2/2012 | Cathleen R. Wisser & Larry L. Wisser | 7/2/2025 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial CRW LLW   Date 4/18/2012



FSA-2026 (09-07-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated (1)____April 18, 2012_____original amount of
$(2)___121,641.61____ at an annual interest rate of (3)__1.250___percent.  This agreement amends and attaches to the above note.  $(4)___761.00____ of each regular payment on the note will be applied to the interest which accrued during the deferral period.  The remainder of the regular payment will be applied in accordance with 7 CFR Part 765.  I agree to sign a supplementary payment agreement and make additional payments if during the deferral period I have a substantial increase in income and repayment ability.


*Cathleen R Wisser*
_____
CATHLEEN R. WISSER            BORROWER


*Larry L. Wisser*
_____
LARRY L. WISSER               CO-BORROWER

NOTE:     The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting
          the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The
          information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.
          The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and
          nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable
          Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is
          voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans
          and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

          According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a
          collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is
          0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time
          for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the
          collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Reschcdl TO Loan 44-15

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (04-08-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name CATHLEEN R. WISSER & LARRY L. WISSER | 2. State PENNSYLVANIA | 3. County LEHIGH |
|---|---|---|
| 4. Case Number | 5. Fund Code 44 | 6. Loan Number 10 | 7. Date JULY 2, 2010 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments
☐ Consolidation   ☒ Rescheduling   ☐ Debt write down
☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a)   1238 COUNTY WELFARE RD, LEESPORT, PA 19534   or at such other place as the Government may later designate in writing, the principal sum of (b)   ONE HINDRED THIRTY TWO THOUSAND FIVE HUNDRED TWELVE---81/100--- ---------------------------- dollars (c) ($   132,512.81   , plus interest on the unpaid principal balance at the RATE of (d) TWO AND SEVEN EIGHTHS percent (e)   2.8750   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) FIFTEEN   installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 11,001.00 | 7/2/2011 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and (d) $   11,001.00   thereafter on the (e)   JULY 2ND   of each (f) YEARLY   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)   FIFTEEN (15)   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial LLW CRW Date 7/2/2010

FSA-2026 (04-08-10)                                                                                    Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-04 | $ 140,818.28 | 3.8750 % | 12/21/2006 | CATHLEEN R WISSER LARRY L. WISSER | 12/21/2019 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _LW_ _CRW_ Date _7/2/2016_

FSA-2026 (04-08-10) Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

_Cathleen R. Wisser_
CATHLEEN R. WISSER      (BORROWER)


_Larry L. Wisser_
LARRY L. WISSER      (CO-BORROWER)


NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-28-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: **OL** | XX | Regular |
| | | Limited Resource |
| **Pursuant to:** | | |
| X | Consolidated Farm & Rural Development Act | |
| | Emergency Agricultural Credit Adjustment Act of 1978 | |

| 1. Name |
|---|
| CATHLEEN R. WISSER AND LARRY L. WISSER |

| 2. State | 3. County |
|---|---|
| PENNSYLVANIA | LEHIGH |

| 4. Case Number |
|---|
| ▊▊▊▊▊▊ |

| 5. Date |
|---|
| DECEMBER 21, 2006 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 04 |

| 9. ACTION REQUIRING NOTE | | |
|---|---|---|
| Initial loan | XX | Rescheduling |
| Subsequent loan | | Reamortization |
| Consolidated & subsequent loan | | Credit sale |
| Consolidation | | Deferred payments |
| Conservation easement | | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in SUITE 240, 1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533-9710 _____

_____ , or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED FOURTY THOUSAND EIGHT HUNDRED EIGHTEEN AND 28/100 ------------------------------------------ dollars

($ 140,818.28 -----------------------------------), plus interest on the unpaid principal balance at the RATE of

THREE AND SEVEN/EIGHTS ------------------------------------------- percent ( -----3.8750 %) per annum and

ZERO ----------------------------------------------------------------- dollars ($ 0.00 --------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___FIFTEEN (15)___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 12,556.00 ------------- on DECEMBER 21, 2007 ; $ N/A --------------------- on _____ ;

$ N/A -------------------- on _____ ; $ N/A--------------------- on _____ ;

$ N/A -------------------- on _____ ; $ N/A--------------------- on _____ ;

$ N/A-------------------- on _____ ; $ N/A--------------------- on _____ ;

$ N/A-------------------- on _____ ; $ N/A--------------------- on _____ ;

$ N/A-------------------- on _____ ; $ N/A--------------------- on _____ ;

and $ 12,556.00 ----------------- thereafter on DECEMBER 21ST of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___FIFTEEN (15)___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)  Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                                      Page 3 of 3

   **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in
this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to
the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the
term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly
erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources
Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to
the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that
Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the
appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995,
Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly
erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district
in accordance with NRCS's requirements.

   **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute
default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or
otherwise relating to such debt; and default under any such instrument shall constitute default under this note. **UPON ANY SUCH
DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

   This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural
Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan"
block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with
the express provisions of this note.

Presentment, protest, and notice are waived.


   (SEAL)                                          _Cathleen R. Wisser_
                                              CATHLEEN R. WISSER                              _(Borrower)_
                                                  _Larry L. Wisser_
                                              LARRY L. WISSER                                (CO-SIGNER)



                                       **RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: __OL__ | [X] Regular | |
| | [ ] Limited Resource | |
| Pursuant to: | | |
| [X] Consolidated Farm & Rural Development Act | | |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name | | |
|---|---|---|
| CATHLEEN R. WISSER | | |

| 2. State | 3. County |
|---|---|
| PENNSYLVANIA | LEHIGH |

| 4. Case Number | 5. Date |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓ | NOVEMBER 10, 2004 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 01 |

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| [X] Initial loan | [ ] Rescheduling |
| [ ] Subsequent loan | [ ] Reamorization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in **USDA, FARM SERVICE AGENCY, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PA 19533**

**BERKS COUNTY**_____, or at such other place as the Government may later designate in writing, the principal sum of

**ONE HUNDRED FIFTY THOUSAND AND 00/100** ---------------------------------------------------------------- dollars

($ _150,000.00_ --------------------------------- ), plus interest on the unpaid principal balance at the RATE of

**THREE AND SEVEN - EIGHTS** --------------------------------------------- percent ( _03.8750_ --- %) per annum and

**ZERO** -------------------------------------------------------------------- dollars ($ _0.00_ -------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___**SEVEN (7)**___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ _13,374.00_ ------------- on _NOVEMBER 10, 2005_ | ; $ | _N/A_ on | ; |
| $ _N/A_ on | ; $ | _N/A_ on | ; |
| $ _N/A_ on | ; $ | _N/A_ on | ; |
| $ _N/A_ on | ; $ | _N/A_ on | ; |
| $ _N/A_ on | ; $ | _N/A_ on | ; |
| $ _N/A_ on | ; $ | _N/A_ on | ; |

and $ _13,374.00_ ------------------ thereafter on _NOVEMBER 10TH_ of each _____YEAR_____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___**SEVEN (7)**___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate *evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.*

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.




FSA-1940-17 (10-26-99)                                                                    Page 3 of 3

   **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

   **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

   This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

'(SEAL)

_Cathleen R. Wisser_
CATHLEEN R. WISSER                                                                    _(Borrower)_

_Terry L. Wisse_
Terry L. Wisser

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 99,000.00 | 11/10/2004 | $ | | $ | |
| $ 50,999.00 | 11/10/04 | $ | | $ | |
| $ 1.00 | 11/18/04 | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 150,000.00 | |



This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# PROMISSORY NOTE

| 1. Name<br>CATHLEEN R. WISSER & LARRY L. WISSER | 2. State<br>PENNSYLVANIA | 3. County<br>LEHIGH |
|---|---|---|

| 4. Case Number | 5. Fund Code<br>44 | 6. Loan Number<br>16 | 7. Date<br>APRIL 18, 2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

**9. ACTION REQUIRING PROMISSORY NOTE:**

- ☐ Initial loan
- ☐ Conservation easement
- ☐ Deferred payments
- ☐ Consolidation
- ☒ Rescheduling
- ☐ Debt write down
- ☐ Subsequent loan
- ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*    1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533    or at such other place as the Government may later designate in writing, the principal sum of *(b)*   EIGHTY THOUSAND DOLLARS AND 37/100--------------------- ----------------------------------- dollars *(c)* ($ 80,000.37------------------ , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND A QUARTER-------------------------------- percent *(e)*   1.250%  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   FIFTEEN (15)--------------------------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 371.00 | 4/18/2013 | $ 371.00 | 4/18/2014 |
| $ 371.00 | 4/18/2015 | $ 371.00 | 4/18/2016 |
| $ 371.00 | 4/18/2017 | $ 8,860.00 | 4/18/2018 |
| $ N/A | | $ N/A | |

and *(d)* $   8,860.00--    thereafter on the *(e)* APRIL 18th    of each *(f)* YEARLY    until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   FIFTEEN (15)----    years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer

Initial CRW LLW Date 4/18/2012

FSA-2026 (09-07-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-11 | $  87,148.48 | 2.8750  % | 7/2/2012 | Cathleen R. Wisser &<br>Larry L. Wisser | 7/2/2025 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial LLW CRW   Date 4/18/2012



FSA-2026 (09-07-10)                                                                    Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated (1)____April 18, 2012_____original amount of $(2)___80,000.37____ at an annual interest rate of (3)__1.250___percent.  This agreement amends and attaches to the above note.  $(4)___469.00____ of each regular payment on the note will be applied to the interest which accrued during the deferral period.  The remainder of the regular payment will be applied in accordance with 7 CFR Part 765.  I agree to sign a supplementary payment agreement and make additional payments if during the deferral period I have a substantial increase in income and repayment ability.


*Cathleen R. Wisser*
_____
CATHLEEN R. WISSER          BORROWER


*Larry L. Wisser*
_____
LARRY L. WISSER             CO-BORROWER


NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Resched to Loan 44-16

This form is available electronically.

Form Approved - OMB No. 0560-0237

(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (04-08-10) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>CATHLEEN R. WISSER & LARRY L. WISSER | | 2. State<br>PENNSYLVANIA | 3. County<br>LEHIGH |
|---|---|---|---|
| 4. Case Number | 5. Fund Code<br>44 | 6. Loan Number<br>11 | 7. Date<br>JULY 2, 2010 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [X] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*  1238 COUNTY WELFARE RD, LEESPORT, PA 19534  or at such other place as the Government may later designate in writing, the principal sum of *(b)* EIGHTY SEVEN THOSAND ONE HUNDRED FOURTY EIGHT DOLLARS 48/100-- -------------------------- dollars *(c)* ($ 87,148.48 , plus interest on the unpaid principal balance at the RATE of *(d)* TWO AND SEVEN EIGHTHS percent *(e)* 2.8750 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* FIFTEEN  installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 7,235.00 | 7/2/2011 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 7,235.00  thereafter on the *(e)* JULY 2ND  of each *(f)* YEARLY  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* FIFTEEN (15)  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay) USDA is an equal opportunity provider and employer.

Initial LLW CRW Date 7/2/2010

. FSA-2026 (04-08-10)                                                                                                    Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-06 | $ 90,000.00 | 3.7500 % | 10/29/2008 | CATHLEEN R WISSER<br>LARRY L. WISSER | 10/29/2015 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _LLW_ _CRW_   Date _7/2/2010_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_Cathleen R. Wisser_
CATHLEEN R. WISSER          (BORROWER)


_Larry L. Wisser_
LARRY L. WISSER          (CO-BORROWER)

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237

This form is available electronically.

*(See Page 4 for Privacy Act and Public Burden Statements.)*

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (12-31-07) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| CATHLEEN R. WISSER | PENNSYLVANIA | LEHIGH |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| ~~████████████~~ | 44 | 06 | OCTOBER 29, 2008 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| 106-OL-REG(EX YTH)-7-YR-SDA | ☐ Initial loan ☐ Conservation easement ☐ Deferred payments<br>☑ Subsequent loan ☐ Rescheduling ☐ Debt write down<br>☐ Consolidation ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* 1238 COUNTY WELFARE RD, LEESPORT, PA 19533 or at such other place as the Government may later

designate in writing, the principal sum of *(b)* NINETY THOUSAND AND 00/100 ------------------------------ ------------------- dollars *(c)* ($ 90,000.00 -------------- , plus interest on the unpaid principal balance at the

RATE of *(d)* THREE AND THREE-QUARTERS ------------------------------- percent *(e)* 3.7500 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* SEVEN (7) installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 7,955.00 | OCTOBER 29, 2009 | $ N/A--------- | |
| $ N/A--------- | | $ N/A--------- | |
| $ N/A--------- | | $ N/A--------- | |
| $ N/A--------- | | $ N/A--------- | |

and *(d)* $ 7,955.00---- thereafter on the *(e)* OCTOBER 29TH----- of each *(f)* YEARLY---- until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* SEVEN (7)---------- years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial __L.W CRW__ Date __10/29/08__

FSA-2026 (12-31-07)                                                                    Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the loan and the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial  LW CRW      Date  10/29/08

SA 2028 (12-31-07)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


CATHLEEN R. WISSER            (BORROWER)


LARRY L. WISSER        (Co-BORROWER)

FSA-2026 (12-31-07)

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL: $ 90,000.00 | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies; the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _____     Date _____

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| **FSA-2026**<br>(09-07-10) | **U.S. DEPARTMENT OF AGRICULTURE**<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>CATHLEEN R. WISSER & LARRY L. WISSER | 2. State<br>PENNSYLVANIA | 3. County<br>LEHIGH |
|---|---|---|

| 4. Case Number | 5. Fund Code<br>41 | 6. Loan Number<br>13 | 7. Date<br>APRIL 18, 2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: | | |
|---|---|---|---|
| | ☐ Initial loan | ☐ Conservation easement | ☐ Deferred payments |
| | ☐ Consolidation | ☐ Rescheduling | ☐ Debt write down |
| | ☐ Subsequent loan | ☒ Reamortization | |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533   or at such other place as the Government may later designate in writing, the principal sum of *(b)*   TWO HUNDRED AND THREE THOUSAND THREE HUNDRED AND FIFTY SEVEN DOLLARS AND 96/100------------   dollars *(c)* ($  203,357.96--------------------   , plus interest on the unpaid principal balance at the RATE of *(d)* THREE AND THREE EIGTHS--------------------------------- percent *(e)*   3.375%--   %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   THIRTY FOUR      (34)--------------------------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 12,288.00 | 4/18/2018 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $  12,288.00--   thereafter on the *(e)* APRIL 18ᵗʰ   of each *(f)* YEARLY   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   THIRTY FOUR (34)--   years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial LLW CRW   Date 4/18/2012

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 41-08 | $   204,824.24 | 4.875   % | 7/2/2012 | Cathleen R. Wisser & Larry L Wisser | 7/2/2046 |
| | $ | % | | | . |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial  Date  4-18-12

FmHA-2026 (09-07-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated (1)____April 18, 2012_____original amount of $(2)____203,357.96____ at an annual interest rate of (3)__3.375__percent. This agreement amends and attaches to the above note. $(4)___1,184.00____ of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 765. I agree to sign a supplementary payment agreement and make additional payments if during the deferral period I have a substantial increase in income and repayment ability.


_Cathleen R. Wisser_
CATHLEEN R. WISSER          BORROWER


_Larry L. Wisser_
LARRY L. WISSER          CO-BORROWER


NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

   According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Keytmortized TO Loan 41-13

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| FSA-2026 (04-08-10) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>CATHLEEN R. WISSER & LARRY L. WISSER | 2. State<br>PENNSYLVANIA | 3. County<br>LEHIGH |
|---|---|---|
| 4. Case Number ▇▇▇▇ | 5. Fund Code<br>44 | 6. Loan Number<br>08 | 7. Date<br>JULY 2, 2010 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| | ☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments |
| | ☐ Consolidation   ☒ Rescheduling   ☐ Debt write down |
| | ☐ Subsequent loan   ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* 1238 COUNTY WELFARE RD, LEESPORT, PA 19534 or at such other place as the Government may later designate in writing, the principal sum of *(b)* TWO HUNDRED AND FOUR THOUSAND EIGHT HUNDRED TWENTY FOUR DOLLARS AND 24/100------------------- dollars *(c)* ($ 204,824.24 , plus interest on the unpaid principal balance at the RATE of *(d)* FOUR AND SEVEN EIGHTHS percent *(e)* 4.8750 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 36 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 12,181.00 | 7/2/2011 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 12,181.00 thereafter on the *(e)* JULY 2ND of each *(f)* YEARLY until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* THIRTY SIX (36) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial *LLW CRW*   Date 7/2/2010

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 41-05 | $  199,250.90 | 4.8750 % | 12/21/2006 | CATHLEEN R WISSER LARRY L. WISSER | 12/21/2044 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _LLW_ _CRW_   Date _7/2/2010_

FSA-2026 (04-08-10)                                                                                    Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


CATHLEEN R. WISSER          (BORROWER)


LARRY L. WISSER             (CO-BORROWER)


NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

### PROMISSORY NOTE

**8. KIND OF LOAN**

Type:    FO      ☒ Regular

☐ Limited Resource

Pursuant to:

☒ Consolidated Farm & Rural Development Act

☐ Emergency Agricultural Credit Adjustment Act of 1978

| 1. Name | | |
|---|---|---|
| CATHLEEN R. WISSER AND LARRY L. WISSER | | |

| 2. State | 3. County |
|---|---|
| PENNSYLVANIA | LEHIGH |

| 4. Case Number | 5. Date |
|---|---|
| ~~(redacted)~~ | DECEMBER 21, 2006 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 41 | 05 |

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| ☐ Initial loan | ☐ Rescheduling |
| ☐ Subsequent loan | ☒ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |
| ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in SUITE 240, 1238 COUNTY WELFARE ROAD, LEESPORT, PA 19533-9710

_____ , or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED NINETY-NINE THOUSAND TWO HUNDRED FIFTY AND 90/100 ---------------------------------- dollars

($ 199,250.90 ---------------------------------- ), plus interest on the unpaid principal balance at the RATE of

FOUR AND SEVEN/EIGHTS ---------------------------------- percent ( -----4.8750 %) per annum and

ZERO ---------------------------------------------------- dollars ($ 0.00 ---------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in THIRTY-EIGHT installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 11,619.00 ------------- on DECEMBER 21, 2007 | ; $ N/A -------------------- on | ; |
| $ N/A ------------------ on | ; $ N/A-------------------- on | ; |
| $ N/A ------------------ on | ; $ N/A-------------------- on | ; |
| $ N/A-------------------- on | ; $ N/A-------------------- on | ; |
| $ N/A-------------------- on | ; $ N/A-------------------- on | ; |
| $ N/A-------------------- on | ; $ N/A-------------------- on | ; |

and $ 11,619.00 ----------------- thereafter on DECEMBER 21ST of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable THIRTY-EIGHT (38) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                 Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Cathleen R. Wisser_
CATHLEEN R. WISSER                          (Borrower)

_Larry L. Wisser_
LARRY L. WISSER                             (CO-SIGNER)

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-98)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: **FO** | [X] Regular | |
| | [ ] Limited Resource | |
| Pursuant to: | | |
| [X] Consolidated Farm & Rural Development Act | | |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name |
|---|
| CATHLEEN R. WISSER AND LARRY L. WISSER |

| 2. State | 3. County |
|---|---|
| PENNSYLVANIA | LEHIGH |

| 4. Case Number | 5. Date |
|---|---|
| ~~redacted~~ | AUGUST 8TH, 2005 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 41 | 02 |

| 9. ACTION REQUIRING NOTE | | | |
|---|---|---|---|
| [X] Initial loan | [ ] Rescheduling | | |
| [ ] Subsequent loan | [ ] Reamortization | | |
| [ ] Consolidated & subsequent loan | [ ] Credit sale | | |
| [ ] Consolidation | [ ] Deferred payments | | |
| [ ] Conservation easement | [ ] Debt write down | | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in USDA, FARM SERVICE AGENCY, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PA 19533

BERKS COUNTY , or at such other place as the Government may later designate in writing, the principal sum of

TWO HUNDRED THOUSAND AND 00/100 ----------------------------------------------------------------- dollars

($ 200,000.00 --------------------------------- ), plus interest on the unpaid principal balance at the RATE of

FOUR AND SEVEN - EIGHT ----------------------------------------------- percent ( 04.8750---- %) per annum and

ZERO -------------------------------------------------------------- dollars ($ 0.00 --------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in FOURTY (40) installments as indicated below, except as modified by a different rate of interest, on or before the following dates: (*) Interest only for the last six (6) months of the first year..

(*)$ 9,750.00 --------------- on AUGUST 8TH, 2006 ; $ 11,556.00 --------------- on AUGUST 8TH, 2007 ;

$ N/A------------------- on _____ ; $ N/A-------------------- on _____ ;

$ N/A------------------- on _____ ; $ N/A-------------------- on _____ ;

$ N/A------------------- on _____ ; $ N/A-------------------- on _____ ;

$ N/A------------------- on _____ ; $ N/A-------------------- on _____ ;

and $ 11,556.00 --------------------- thereafter on AUGUST 8TH of each YEARLY until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FOURTY (40) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                          Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                    Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

x _Cathleen R. Wisser_____

CATHLEEN R. WISSER                          (Borrower)

x _Larry L. Wisser_____

LARRY L. WISSER



### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 200,000.00 | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 200,000.00 | |

RECEIVED
JAN 1 1 2005
Berks County FSA

**FSA 1927-1 PA**
(08-22-03)

Position 5
**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE ("instrument" is made on  NOVEMBER 10  , 20  04  . The mortgagor is _____
CATHLEEN R. WISSER AND LARRY L. WISSER, HUSBAND AND WIFE
_____ ("Borrower") whose mailing address is  8149 BAUSCH ROAD, NEW TRIPOLI,
PENNSYLVANIA 18066 _____ . This instrument is given to the United States of America, acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at  BERKS COUNTY
AGRICULTURE CENTER, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PA 19533  .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively
called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
|  | $ 150,000.00 |  |  |
| NOVEMBER 10, 2004 |  | 3.8750% | NOVEMBER 10, 2011 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of the proceeds of the loan or loans in accordance with the provisions of the note(s)
set forth above.

This instrument secures to the Government:  (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C.  § 2001; (3) payment of all advances and expenditures,
with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq.
as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the
State of Pennsylvania, County or Counties of  LEHIGH  :

See attached Exhibit A for legal description.

This Document Recorded
12/23/2004
08:40AM
Doc Code: MTG
Lehigh County, PA Recorder of Deeds Office

Doc Id: 7235752
Receipt #: 172533
Rec Fee: 51.00

7235752
Page: 1 of 8
12/23/2004 08:40AM

Initial        date                                            FSA 1927-1 PA (08-22-03) *Page 1 of 6*



ALL THOSE FOUR CERTAIN tracts of land situate in the Township of Weisenberg, County of Lehigh and Commonwealth of Pennsylvania, and bounded and described as follows, to wit:-

## TRACT #1

ALL THAT CERTAIN messuage, and tract of land, situate in the said Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

BEGINNING at a post for a corner, thence by land of Stephen Balliet, South 44 degrees West 37 3/4 perches to a stone; thence by the same South 66 degrees East 56 perches to a stone, South 16 degrees West 25 perches to a walnut tree, North 69 degrees West 11 1/4 perches to a walnut tree, South 31 degrees West 24 perches to a stone, North 69 degrees West 10 1/4 perches to a stone, South 20 degrees West 18 3/4 perches to a post, North 56 1/2 degrees West 20 1/4 perches to a post, North 29 degrees East 17 perches to a post, North 67 1/2 degrees West 18 perches to a post, and South 7 degrees West 43 perches to a post; thence partly by land of Alvin Werley and partly by land of Polly Schleicher, North 50 degrees West 108 1/2 perches to a post; thence by land of Daniel S. Fenstermaker, North 33 degrees East 20 perches to a post; thence by land of Jonas W. Bachman, South 54 1/4 degrees East 27 1/2 perches to a post, North 35 degrees East 20 perches to a post, North 57 degrees West 13 perches to a post, and by the same North 24 degrees West 18 perches to a post; thence by land of Daniel Snyder, North 33 degrees East 15 3/4 perches to a stone, North 86 1/2 degrees East 32 perches to a stone, and North 3 1/2 degrees West 18 1/2 perches to a stone; thence by lands of Peter Bachman, East 36 perches to a stone, and thence by land of John Ross, South 50 degree East 41 3/4 perches to the place of beginning.

CONTAINING 73 Acres and 130 perches, strict measure.  LESS, however, 2 acres conveyed by John D. Baush.

## TRACT #2

ALL THAT CERTAIN tract or piece of land situate in the Township of Weisenberg, in the County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

BEGINNING at a stone corner, thence South along line of land of Stephen Bachman, South 74 perches to a stone; thence along land of John D. Bausch, North 88 degrees East 42.16 perches to a stone; thence along land of John B. Werley, North 16 1/2 degrees East 19.04 perches to a stone; thence along said land North 6 1/4 degrees West 7.48 perches to a stone; thence North 41.08 perches to a stone; thence North along said land North 82 1/2 degrees West 47.32 perches to the place of beginning.

CONTAINING 20 acres and 62.9 perches.

TRACT #3

ALL THAT CERATIN tract, lot or piece of land, situate in the Township
of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and
described as follows, to wit:

BEGINNING at a post; thence by land late of Benedict Weiss, now partly
by land of William S. Balliet, and partly by land of John D. Baush,
North 53 1/2 degrees West 70 1/2 perches to a post; thence by land late
of George Custard now Stephen Bachman, North 87 degrees East 13 1/2
perches to a stone; thence by the same North 4 degrees 3 perches to a
stone; thence by land of John B. Werley, North 84 degrees East 42
perches to a post; thence partly by land of the same and partly by land
of William S. Balliet, South 2 degrees East 49 perches to the place of
beginning.

CONTAINING 8 Acres and allowance.


TRACT #4

ALL THAT CERATIN tract or piece of meadow land, situate in the Township
of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and
described as follows, to wit:

BEGINNING at a stone; thence by land of Jacob Ettinger, South 33
degrees West 28 1/4 perches to a corner; thence by land of David Baush,
South 54 1/4 degrees East 27 1/2 perches to a stone; thence North 35
degrees East 20 perches to a stone; thence North 24 degrees West 18
perches to the place of beginning.

CONTAINING 3 Acres and 120 Perches, strict measure.


BEING THE SAME PREMISES which Dale H. Wisser and Margaret B. Lowy,
trustees for Herman L. Wisser and Miriam S. Wisser, husband and wife,
under an Agreement of Trust dated October 27, 1988, by their deed dated
September 8, 1989, and recorded in the Office of the Recorder of Deeds
in Lehigh County, Pennsylvania, in Deed Book Volume 1443, page 1053,
granted and conveyed unto Herman L. Wisser.


This transaction is exempt from realty transfer taxes because it is a
transfer from father to son and daughter-in-law.



together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property and/or fixtures, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. *Graduation.* If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

Initial

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

31. **COAL AND RIGHT OF SUPPORT.** THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE COAL, AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN; AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____ SEAL     *Cathleen R. Wisser*   SEAL
                                 CATHLEEN R. WISSER

_____ SEAL     *Larry L. Wisser*   SEAL
                                 LARRY L. WISSER

Initial _____ date

**ACKNOWLEDGMENTS**

STATE OF PENNSYVANIA

COUNTY OF _____Lehigh_____ } SS. (Individual)

On this ___8th___ day of ___December 2004___ before me personally appeared   CATHLEEN R. WISSER AND

LARRY L. WISSER_____, to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument,

and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

```
Notarial Seal
Ruth R. Miller, Notary Public
Heidelberg Twp., Lehigh County
My Commission Expires Apr. 17, 2006
Member, Pennsylvania Association Of Notaries
```

_____
NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } SS. (Corporation)

This foregoing instrument was acknowledged before me this _____ day of _____, by _____

_____, President and _____

Secretary of _____, a _____ corporation, on behalf of the corporation.

My commission expires:

_____

_____
NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } SS. (Partnership)

This foregoing instrument was acknowledged before me this _____ day of _____, by _____

_____, Partners, on behalf of the _____, a

_____ partnership.

My commission expires:

_____

_____
NOTARY PUBLIC

Initial   |||||||||||||||||||||||||||||||| 7235752                         FSA 1927-1 PA (08-22-03) *Page 5 of 6*



## RESIDENCE CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is 14th and Independence Avenue, SW, Washington, DC 20250.

**BERKS COUNTY FSA OFFICE
AG CENTER, PO BOX 520
LEESPORT, PA 19533-0520
TEL. 610-478-7158**   *For Mortgagee*

MAIL
Berks County F.S.A. office
1238 County Welfare Rd.
AG Center  Po Box 520
Leesport Pa. 19533

Initial _____   7235752   FSA 1927-1 PA (08-22-03) *Page 6 of 6*

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Lehigh County, Pennsylvania

Marie Dean

Marie Dean
Recorder of Deeds



*JMM*

 

**FSA 1927-1 PA**
(08-22-03)

Position 5

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE ("instrument" is made on  AUGUST 8ᵀᴴ , 20  05 . The mortgagor is _____
CATHLEEN R. WISSER AND LARRY L. WISSER, WIFE AND HUSBAND _____
_____ ("Borrower") whose mailing address is  8149 BAUSCH ROAD, NEW TRIPOLI,
PENNSYLVANIA 18066 _____ . This instrument is given to the United States of America, acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at  BERKS COUNTY
AGRICULTURE CENTER, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PENNSYLVANIA 19533 .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively
called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| AUGUST 8ᵀᴴ, 2005 | $ 200,000.00 | 04.8750% | AUGUST 8ᵀᴴ, 2045 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of the proceeds of the loan or loans in accordance with the provisions of the note(s)
set forth above.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures,
with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq.
as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the
State of Pennsylvania, County or Counties of  LEHIGH _____ :

See attached Exhibit A for legal description.

This Document Recorded
09/01/2005
12:11PM
Doc Code: MTG    Lehigh County, PA Recorder of Deeds Office

Doc Id: 7288352
Receipt #: 210818
Rec Fee: 51.00

*CRW*
Initial *L.L.W* date 8-8-05



**7288352**
Page: 1 of 8
09/01/2005 12:11PM

FSA 1927-1 PA (08-22-03) *Page 1 of 6*

# LEGAL DESCRIPTION

**ALL THOSE FOUR CERTAIN** tracts of land situate in the Township of Weisenberg,
County of Lehigh and Commonwealth of Pennsylvania, and bounded and described as follows, to wit:

## TRACT #1

**ALL THAT CERTAIN** messuage, and tract of land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a post for a corner, thence by land of Stephen Balliet, South 44 degrees West
37 3/4 perches to a stone; thence by the same South 66 degrees East 56 perches to a stone, South 16 degrees West 25 perches to a walnut tree, North 69 degrees West 11 1/4 perches to a walnut tree, South 31 degrees West 24 perches to a stone, North 69 degrees West 10 1/4 perches to a stone, South 20 degrees West 18 3/4 perches to a post, North 56 ½ degrees West 20 1/4 perches to a stone, North 29 degrees East 17 perches to a post, North 67 ½ degrees West 18 perches to a post, and South 7 degrees West 43 perches to a post; thence partly by land of Alvin Werley and partly by land of Polly Schleicher, North 50 degrees West 108 1/4 perches to a post; thence by the land of Daniel S. Fenstermaker, North 33 degrees East 20 perches to a post; thence by land of Jonas W. Bachman, South 54 1/4 degrees East 27 ½ perches to a post, North 35 degrees East 20 perches to a post, North 57 degrees West 13 perches to a post, and by the same North 24 degrees West 18 perches to a post; thence by land of Daniel Snyder, North 33 degrees East 15 3/4 perches to a stone, North 86 ½ degrees East 32 perches to a stone, and North 3 ½ degrees West 18 ½ perches to a stone; thence by lands of Peter Bachman, East 36 perches to a stone, and thence by land of John Ross, South 50 degrees East 41 3/4 perches to the place of beginning.

**CONTAINING** 73 Acres and 130 perches, strict measure. **LESS**, however, 2 acres conveyed to John D. Baush.

## TRACT #2

**ALL THAT CERTAIN** tract or piece of land situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a stone corner, thence South along line of land of Stephen Bachman, South 74 perches to a stone; thence along land of John D. Baush, North 88 degrees East 42.16 perches to a stone; thence along land of John B. Werley, North 16 ½ degrees East 19.04 perches to a stone; thence along said land North 6 1/4 degrees West 7.48 perches to a stone; thence North 41.08 perches to a stone; thence North along said land North 82 ½ degrees West 47.32 perches to the place of beginning.

**CONTAINING** 20 acres and 62.9 perches.

## TRACT #3

**ALL THAT CERTAIN** tract or piece of land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a post; thence by land late of Benedict Weiss, now partly by land of William S. Balliet, and party by land of John D. Baush, North 53 ½ degrees West 70 ½ perches to a post; thence by land late of George Custard now Stephen Bachman, North 87 degrees East 13 ½ perches to a stone; thence by the same North 4 degrees 3 perches to a stone; thence by land of John B. Werley, North 84 degrees East 42 perches to a post; thence partly by land of the same and partly by land of William S. Balliet, South 2 degrees East 49 perches to the place of beginning.

**CONTAINING** 8 Acres and allowance.

## TRACT #4

**ALL THAT CERTAIN** tract or piece of meadow land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a stone; thence by land of Jacob Ettinger, South 33 degrees West 28 1/4 perches to a corner; thence by land of David Baush, South 54 1/4 degrees East 27 ½ perches to a stone; thence North 35 degrees East 20 perches to a stone; thence North 24 degrees West 18 perches to the place of beginning.

**CONTAINING** 3 Acres and 120 Perches, strict measure.




together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property and/or fixtures, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

    1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

    2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

    3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

    4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

    5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

    6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

    7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

    8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

    9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

CRW

Initial _LLW_ date _8-8-05_                                       FSA 1927-1 PA (08-22-03) *Page 2 of 6*

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

Initial _L.L W_ date _8-8-05_ 　　　　　　　　　　　　　　　　　　　　　　FSA 1927-1 PA (08-22-03) *Page 3 of 6*

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

31. **COAL AND RIGHT OF SUPPORT.** THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE COAL, AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN; AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_James R. Clark_ (SEAL)
As To Both

_Cathleen R. Wisser_ (SEAL)
CATHLEEN R. WISSER

_____ (SEAL)

_Larry L. Wisser_ (SEAL)
LARRY L. WISSER

Initial _LLW_    date _8-8-05_

# ACKNOWLEDGMENTS

STATE OF PENNSYVANIA

COUNTY OF _____ } *SS.*    (Individual)

On this _____ day of _____ , before me personally appeared    CATHLEEN R. WISSER AND

LARRY L. WISSER _____ , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument,

and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

_____          _____

                                                                                        NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } *SS.*    (Corporation)

This foregoing instrument was acknowledged before me this _____ day of _____ , by _____

_____ , President and _____ ,

Secretary of _____ , a _____ corporation, on behalf of the corporation.

My commission expires:

_____          _____

                                                                                        NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } *SS.*    (Partnership)

This foregoing instrument was acknowledged before me this _____ day of _____ , by _____

_____ , Partners, on behalf of the _____ , a

_____ partnership.

My commission expires:

_____          _____

                                                                                        NOTARY PUBLIC

7288352
Page: 6 of 8
09/01/2005  12:11PM

Initial L. LW  date 8 -8 -05          FSA 1927-1 PA (08-22-03) *Page 5 of 6*

## RESIDENCE CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is 14th and Independence Avenue, SW, Washington, DC 20250. —

**BERKS COUNTY FSA OFFICE**
PHONE: 610-478-7158
1238 COUNTY WELFARE RD
LEESPORT PA 19533-0520

_For Mortgagee_

**7288352**
**Page: 7 of 8**
09/01/2005 12:11PM

I, **JAMES R. CLARK**, certify that I was a subscribing witness and personally present when the within instrument was executed by Larry L. Wisser and Cathleen R. Wisser

**JAMES R. CLARK**
PA Attorney I.D. 63805

COMMONWEALTH OF PENNSYLVANIA     :
                                       :     SS:

COUNTY OF LANCASTER                   :

On this, the 8th day of August, 2005, before me, the undersigned officer, personally appeared James R. Clark, Esquire, known to me, or satisfactorily proven, to be a member of the bar of the highest court of Pennsylvania (PA I.D # 63805) and certified that he was personally present when Larry L. Wisser and Cathleen R. Wisser, whose names are subscribed to the within instrument executed the same, and that said persons acknowledged that Larry L. Wisser and Cathleen R. Wisser executed the same for the purposes therein contained.

      IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kimberly J. Stahl, Notary Public
Pequea Twp., Lancaster County
My Commission Expires Mar. 24, 2009
Member, Pennsylvania Association of Notaries

Notary Public

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Lehigh County, Pennsylvania

MAIL   JAMES R. CLARK
       277 MILLWOOD RD
       LANCASTER, PA 17603

Marie Dean
Recorder of Deeds

**7288352**
**Page: 8 of 8**
09/01/2005 12:11PM



**Prepared By:**
USDA, Farm Service Agency
Suite 240
1238 County Welfare Road
Leesport, PA 19533
(610) 478-7158

**Return To:**
USDA, Farm Service Agency
Suite 240
1238 County Welfare Road
Leesport, PA 19533
(610) 478-7158

**Property Address:**
8149 Bausch Road
New Tripoli, PA 18066
Township of Weisenberg
Lehigh County

# MORTGAGE

**Mortgagor:**    Cathleen R. Wisser and Larry L. Wisser, Wife and Husband

**Mortgagee:**    USDA, Farm Service Agency

**TAX PARCEL/UPI NO#**    542835022404 1

This Document Recorded        Doc Id: 7504476
10/31/2008                    Receipt #: 356148
03:07PM                       Rec Fee: 51.00
Doc Code: MTG    Lehigh County, PA Recorder of Deeds Office

7504476
Page: 1 of 8
10/31/2008 03:07PM

Position 5

**FSA 1927-1 PA**
(08-22-03)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE ("instrument" is made on  OCTOBER 29TH  , 20  08  . The mortgagor is _____
CATHLEEN R. WISSER AND LARRY L. WISSER, WIFE AND HUSBAND
_____ ("Borrower") whose mailing address is  8149 BAUSCH ROAD, NEW TRIPOLI,
PENNSYLVANIA 18066 _____ . This instrument is given to the United States of America, acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at _____
1238 COUNTY WELFARE ROAD, SUITE 240, LEESPORT, PENNSYLVANIA 19533-9710 _____ .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively
called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| OCTOBER 29TH, 2008 | $90,000.00 | 3.7500% | OCTOBER 29TH, ~~2023~~ 2015 LLW CRW |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of the proceeds of the loan or loans in accordance with the provisions of the note(s)
set forth above.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures,
with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq.
as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the
State of Pennsylvania, County or Counties of  LEHIGH COUNTY _____ :

See attached Exhibit A for legal description.

7504476
**Page: 2 of 8**
10/31/2008 03:07PM

Initial LLW CRW  date 10/29/08

FSA 1927-1 PA (08-22-03) *Page 1 of 6*

# LEGAL DESCRIPTION

**ALL THOSE FOUR CERTAIN** tracts of land situate in the Township of Weisenberg, County of Lehigh and Commonwealth of Pennsylvania, and bounded and described as follows, to wit:

## TRACT #1

**ALL THAT CERTAIN** messuage, and tract of land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a post for a corner, thence by land of Stephen Balliet, South 44 degrees West 37 3/4 perches to a stone; thence by the same South 66 degrees East 56 perches to a stone, South 16 degrees West 25 perches to a walnut tree, North 69 degrees West 11 1/4 perches to a walnut tree, South 31 degrees West 24 perches to a stone, North 69 degrees West 10 1/4 perches to a stone, South 20 degrees West 18 3/4 perches to a post, North 56 ½ degrees West 20 1/4 perches to a post, North 29 degrees East 17 perches to a post, North 67 ½ degrees West 18 perches to a post, and South 7 degrees West 43 perches to a post; thence partly by land of Alvin Werley and partly by land of Polly Schleicher, North 50 degrees West 108 1/4 perches to a post; thence by the land of Daniel S. Fenstermaker, North 33 degrees East 20 perches to a post; thence by land of Jonas W. Bachman, South 54 1/4 degrees East 27 ½ perches to a post, North 35 degrees East 20 perches to a post, North 57 degrees West 13 perches to a post, and by the same North 24 degrees West 18 perches to a post; thence by land of Daniel Snyder, North 33 degrees East 15 3/4 perches to a stone, North 86 ½ degrees East 32 perches to a stone, and North 3 ½ degrees West 18 ½ perches to a stone; thence by lands of Peter Bachman, East 36 perches to a stone, and thence by land of John Ross, South 50 degrees East 41 3/4 perches to the place of beginning.

**CONTAINING** 73 Acres and 130 perches, strict measure.  LESS, however, 2 acres conveyed to John D. Baush.

## TRACT #2

**ALL THAT CERTAIN** tract or piece of land situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a stone corner, thence South along line of land of Stephen Bachman, South 74 perches to a stone; thence along land of John D. Baush, North 88 degrees East 42.16 perches to a stone; thence along land of John B. Werley, North 16 ½ degrees East 19.04 perches to a stone; thence along said land North 6 1/4 degrees West 7.48 perches to a stone; thence North 41.08 perches to a stone; thence North along said land North 82 ½ degrees West 47.32 perches to the place of beginning.

**CONTAINING** 20 acres and 62.9 perches.

## TRACT #3

**ALL THAT CERTAIN** tract or piece of land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a post; thence by land late of Benedict Weiss, now partly by land of William S. Balliet, and party by land of John D. Baush, North 53 ½ degrees West 70 ½ perches to a post; thence by land late of George Custard now Stephen Bachman, North 87 degrees East 13 ½ perches to a stone; thence by the same North 4 degrees 3 perches to a stone; thence by land of John B. Werley, North 84 degrees East 42 perches to a post; thence partly by land of the same and partly by land of William S. Balliet, South 2 degrees East 49 perches to the place of beginning.

**CONTAINING** 8 Acres and allowance.

## TRACT #4

**ALL THAT CERTAIN** tract or piece of meadow land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

**BEGINNING** at a stone; thence by land of Jacob Ettinger, South 33 degrees West 28 1/4 perches to a corner; thence by land of David Baush, South 54 1/4 degrees East 27 ½ perches to a stone; thence North 35 degrees East 20 perches to a stone; thence North 24 degrees West 18 perches to the place of beginning.

**CONTAINING** 3 Acres and 120 Perches, strict measure.



together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property and/or fixtures, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

    1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

    2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

    3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

    4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

    5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

    6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

    7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

    8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

    9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

Initial _LLW CRW_ date _10/29/08_      7504476      8-22-03) *Page 2 of 6*

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

Initial _LW CRW_   date _10/29/08_    |||||||||||||||||||||||||||||||||||||||||||| 7504476        1 of 6

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

31. **COAL AND RIGHT OF SUPPORT.** THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE,OR INSURE THE TITLE TO THE COAL, AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN; AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____ SEAL   _Cathleen R. Wisser_ SEAL
                                 CATHLEEN R. WISSER

_____ SEAL   _Larry L. Wisser_ SEAL
                                 LARRY L. WISSER

Initial _LLW CRW_ date _10/29/88_     |||||||||||||||||||||||||| **7504476**     22-03) *Page 4 of 6*

## ACKNOWLEDGMENTS

STATE OF PENNSYVANIA

COUNTY OF   BERKS        } SS.    (Individual)

On this   29TH   day of   OCTOBER, 2008  , before me personally appeared   CATHLEEN R. WISSER AND LARRY

L. WISSER, WIFE AND HUSBAND   , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument,

and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

> COMMONWEALTH OF PENNSYVANIA
> Notarial Seal
> Amy Hamm, Notary Public
> Bern Twp., Berks County
> My Commission Expires Nov. 14, 2011
> Member, Pennsylvania Association of Notaries

AMY HAMM

NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } SS.    (Corporation)

This foregoing instrument was acknowledged before me this _____ day of _____ , by _____

_____ , President and _____ ,

Secretary of _____ , a _____ corporation, on behalf of the corporation.

My commission expires:

NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } SS.    (Partnership)

This foregoing instrument was acknowledged before me this _____ day of _____ , by _____

_____ , Partners, on behalf of the _____ , a

partnership.

My commission expires:

NOTARY PUBLIC

**7504476**
**Page: 7 of 8**
10/31/2008 03:07PM

Initial _____ date _____

FSA 1927-1 PA (08-22-03) *Page 5 of 6*

## RESIDENCE CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is 14th and Independence Avenue, SW, Washington, DC 20250.

_For Mortgagee_

USDA
BERKS COUNTY FSA OFFICE
SUITE 240
1238 COUNTY WELFARE ROAD
LEESPORT, PA 19533



I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Lehigh County, Pennsylvania

Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

7504476
Page: 8 of 8
10/31/2008 03:07PM

Initial _____ date _____

Form Approved – OMB 0560-0237
*(See Page 5 for Privacy Act and Public Burden Statements.)*

Position 5

**FSA-2029 PA**
(01-08-09)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE ("instrument") is made on JULY 2ND , 20 10 . The mortgagor is _____
CATHLEEN R. WISSER & LARRY L. WISSER _____

_____ ("Borrower") whose mailing address is ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

PENNSYLVANIA, PA ▆▆▆ _____ . This instrument is given to the United States of America, acting

through the Farm Service Agency, United States Department of Agriculture ("Government") located at _____

1238 County Welfare Road, Suite 240, Leesport, Pennsylvania 19533-9710 .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| JULY 2, 2010 | $30,000.00 | 2.8750% | JULY 2, 2017 |

—

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of the proceeds of the loan or loans in accordance with the provisions of the notes set forth above.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et. seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Pennsylvania, County or Counties of LEHIGH :

See attached Exhibit A for legal description.

Initial ~~L~~ CR W date 7|2|2010

FSA-2029 PA (01-08-09) *Page 1 of 7*

# LEGAL DESCRIPTION

**ALL THOSE FOUR CERTAIN** tracts of land situate in the Township of Weisenberg, County of Lehigh and Commonwealth of Pennsylvania, and bounded and described as follows, to wit:

## TRACT #1

**ALL THAT CERTAIN** messuage, and tract of land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

BEGINNING at a post for a corner, thence by land of Stephen Balliet, South 44 degrees West 37 3/4 perches to a stone; thence by the same South 66 degrees East 56 perches to a stone, South 16 degrees West 25 perches to a walnut tree, North 69 degrees West 11 1/4 perches to a walnut tree, South 31 degrees West 24 perches to a stone, North 69 degrees West 10 1/4 perches to a stone, South 20 degrees West 18 3/4 perches to a post, North 56 ½ degrees West 20 1/4 perches to a post, North 29 degrees East 17 perches to a post, North 67 ½ degrees West 18 perches to a post, and South 7 degrees West 43 perches to a post; thence partly by land of Alvin Werley and partly by land of Polly Schleicher, North 50 degrees West 108 1/4 perches to a post; thence by the land of Daniel S. Fenstermaker, North 33 degrees East 20 perches to a post; thence by land of Jonas W. Bachman, South 54 1/4 degrees East 27 ½ perches to a post, North 35 degrees East 20 perches to a post, North 57 degrees West 13 perches to a post, and by the same North 24 degrees West 18 perches to a post; thence by land of Daniel Snyder, North 33 degrees East 15 3/4 perches to a stone, North 86 ½ degrees East 32 perches to a stone, and North 3 ½ degrees West 18 ½ perches to a stone; thence by lands of Peter Bachman, East 36 perches to a stone, and thence by land of John Ross, South 50 degrees East 41 3/4 perches to the place of beginning.

CONTAINING 73 Acres and 130 perches, strict measure. LESS, however, 2 acres conveyed to John D. Baush.

## TRACT #2

**ALL THAT CERTAIN** tract or piece of land situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

BEGINNING at a stone corner, thence South along line of land of Stephen Bachman, South 74 perches to a stone; thence along land of John D. Baush, North 88 degrees East 42.16 perches to a stone; thence along land of John B. Werley, North 16 ½ degrees East 19.04 perches to a stone; thence along said land North 6 1/4 degrees West 7.48 perches to a stone; thence North 41.08 perches to a stone; thence North along said land North 82 ½ degrees West 47.32 perches to the place of beginning.

CONTAINING 20 acres and 62.9 perches.

## TRACT #3

**ALL THAT CERTAIN** tract or piece of land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

BEGINNING at a post; thence by land late of Benedict Weiss, now partly by land of William S. Balliet, and party by land of John D. Baush, North 53 ½ degrees West 70 ½ perches to a post; thence by land late of George Custard now Stephen Bachman, North 87 degrees East 13 ½ perches to a stone; thence by the same North 4 degrees 3 perches to a stone; thence by land of John B. Werley, North 84 degrees East 42 perches to a post; thence partly by land of the same and partly by land of William S. Balliet, South 2 degrees East 49 perches to the place of beginning.

CONTAINING 8 Acres and allowance.

## TRACT #4

**ALL THAT CERTAIN** tract or piece of meadow land, situate in the Township of Weisenberg, County of Lehigh and State of Pennsylvania, bounded and described as follows, to wit:

BEGINNING at a stone; thence by land of Jacob Ettinger, South 33 degrees West 28 1/4 perches to a corner; thence by land of David Baush, South 54 1/4 degrees East 27 ½ perches to a stone; thence North 35 degrees East 20 perches to a stone; thence North 24 degrees West 18 perches to the place of beginning.

CONTAINING 3 Acres and 120 Perches, strict measure.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, here diamantes, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income there from, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property and/or fixtures, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

  1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

  2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

  3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

  4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

  5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

  6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

  7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

  8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

  9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husband like manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. parts 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a lease hold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the notes. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

31. **COAL AND RIGHT OF SUPPORT.** THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN; AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Cathleen R. Wisser_____ SEAL       _____ SEAL
CATHLEEN R. WISSER

_Larry L. Wisser_____ SEAL       _____ SEAL
LARRY L. WISSER

---

**NOTE:** *The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et seq.), or other Acts, and the regulations promulgated there under to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _LLW CRW_____ date _7/2/2010___           FSA-2029 PA (01-08-09) *Page 5 of 7*

## ACKNOWLEDGEMENTS

STATE OF PENNSYVANIA

COUNTY OF    __BERKS__      } _SS._    (Individual)

On this   __2ND__   day of   __JULY 2010__  , before me personally appeared   __CATHLEEN R. WISSER &__

__LARRY L. WISSER__  , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument,

and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

> **COMMONWEALTH OF PENNSYLVANIA**
> Notarial Seal
> Amy Hamm, Notary Public
> Bern Twp., Berks County
> My Commission Expires Nov. 14, 2011
> Member, Pennsylvania Association of Notaries

__AMY HAMM__

NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } _SS._    (Corporation)

This foregoing instrument was acknowledged before me this _____ day of _____, by _____

_____, President and _____,

Secretary of _____, a _____ corporation, on behalf of the corporation.

My commission expires:

_____

NOTARY PUBLIC

STATE OF PENNSYLVANIA

COUNTY OF _____ } _SS._    (Partnership)

This foregoing instrument was acknowledged before me this _____ day of _____, by _____

_____, Partners, on behalf of the _____, a

_____ partnership.

My commission expires:

_____

NOTARY PUBLIC

Initial _LLW CRW_ date _7/2/2010_          FSA-2029 PA (01-08-09) *Page 6 of 7*



### ANDREA E. NAUGLE
### LEHIGH COUNTY CLERK OF JUDICIAL RECORDS

**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Government Center**
**17 S. Seventh Street - Room 350**
**Allentown, PA 18101-2400**
**610-782-3162**

\*RETURN DOCUMENT TO:
USDA BERKS COUNTY FSA OFFICE
SUITE 240
1238 COUNTY WELFARE ROAD
LEESPORT, PA 19533

**Instrument Number - 2010023284**
Recorded On 7/22/2010 At 10:50:56 AM
\* Instrument Type - MORTGAGE
Invoice Number - 58985      User ID: LJS

\*Total Pages - 10

\* Mortgagor - WISSER, CATHLEEN R
\* Mortgagee - USDA FARM SERVICE AGENCY
\* Customer - USDA BERKS COUNTY FSA OFFICE

\* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $23.50 |
| RECORDING FEES | $23.00 |
| AFFORDABLE HOUSING | $11.50 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $73.50 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania





Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

**INSTRUMENT NUMBER - 2010023284**

001IWA

**LEHIGH COUNTY RECORDER OF DEEDS**
**RECEIPT**

**RECEIVED**

JUL 3 0 2010

**Berks County FSA**

ANDREA E. NAUGLE
Recorder of Deeds Division
Lehigh County Government Center
17 S. Seventh Street - Room 350
Allentown, PA 18101-2400
610-782-3162

| | | |
|---|---|---|
| Inv Number: 58985 | Invoice Date: 07/22/2010 10:50:56 AM | **RECEIPT** | Reg/Drw ID: 0101 |
| Customer: | Last Change: | Receipt By: COUNTER | By: LJS |

USDA BERKS COUNTY FSA OFFICE
SUITE 240
1238 COUNTY WELFARE ROAD
LEESPORT, PA 19533

| Chg # | Charge / Payment / Fee Description | Amount | Inst # / Inst Date | Municipality |
|---|---|---|---|---|
| 1 | MORTGAGE | $73.50 | 2010023284 | WEISENBERG |
| | Mortgagor - WISSER, CATHLEEN R | | 07/22/10 10:50:56 AM | TOWNSHIP |
| | Mortgagee - USDA FARM SERVICE AGENCY | | Total Pages: 10 | |
| | Return Via - MAIL | | | |
| | PARCEL IDENTIFICATION | | | |
| | 542871599314-1 | | | |
| | Fee Detail: | | | |
| | AFFORDABLE HOUSING | $11.50 | | |
| | COUNTY RECORDING FEE | $13.00 | | |
| | IMPROVEMENT FEE - COUNTY | $2.00 | | |
| | IMPROVEMENT FEE - RECORDER | $3.00 | | |
| | JCS / ATJ / CJEA FEE | $23.50 | | |
| | PER PAGE FEE | $10.00 | | |
| | UPI CERTIFICATION FEE | $10.00 | | |
| | STATE WRIT FEE | $0.50 | | |
| 2 | ST/UCC1 | $100.00 | 2010023285 | NO MUNICIPALITY |
| | Grantor - WISSER, CATHLEEN R | | 07/22/10 10:50:57 AM | |
| | Grantee - USDA FARM SERVICE AGENCY | | Total Pages: 2 | |
| | Return Via - MAIL | | | |
| | Fee Detail: | | | |
| | IMPROVEMENT FEE - COUNTY | $2.00 | | |
| | IMPROVEMENT FEE - RECORDER | $3.00 | | |
| | COUNTY UCC FEE | $95.00 | | |
| 3 | REJECTION FEE | $15.00 | | |
| | TOTAL CHARGES | $188.50 | | |

| | |
|---|---|
| **PAYMENTS** | |
| CHECK: 1443 | $100.00 |
| CHECK: 92 | $15.00 |
| CHECK: 1380 | $73.50 |
| TOTAL PAYMENTS | $188.50 |
| | |
| AMOUNT DUE | $188.50 |
| PAYMENT ON INVOICE | ($188.50) |
| BALANCE DUE | $0.00 |

RECORDED
07/22/2010 10:50:56 AM
RECORDER OF DEEDS
LEHIGH COUNTY
PENNSYLVANIA
Inst Num:          2010023284



**_Prepared By:_**
USDA, Farm Service Agency
Suite 240
1238 County Welfare Road
Leesport, PA 19533
(610) 478-7158

**_Return To:_**
USDA, Farm Service Agency
Suite 240
1238 County Welfare Road
Leesport, PA 19533
(610) 478-7158

**_Property Address:_**



# _MORTGAGE_

**_Mortgagor:_**    Cathleen R. Wisser & Larry L. Wisser

**_Mortgagee:_**    USDA, Farm Service Agency

**_Parcel ID #:_**    542871599314-1

This form is available electronically.

Form Approved - OMB No. 0560-0238
(See Page 7 for Privacy Act and Public Burden Statements)

FSA-2028
(09-03-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Page 1.1

**SECURITY AGREEMENT**

1. **THIS SECURITY AGREEMENT,** dated *(a)*_____**April 18, 2012**_____, is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)*_____

__**CATHLEEN R WISSER, LARRY L WISSER**__

(Debtor), whose mailing address is (c)

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial LLW. CRW  Date 4/18/2012

(b)  All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are
planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)*
within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security
Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted,
to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm or Other Real Estate Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from Named Town or Other Description |
|---|---|---|---|
| 273 Larry Wisser | 103 | LEHIGH, PA | |
| Robert Fick | 18 | LEHIGH, PA | |
| Leslie Strickler | 8 | LEHIGH, PA | |
| Stephen Koss | 6 | LEHIGH, PA | |
| Joseph D'Agostino | 15 | LEHIGH, PA | |
| David Wert | 8 | LEHIGH, PA | |
| Cathleen R. Wisser | 78 | LEHIGH, PA | |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all
payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas
existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds
derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial CRW LW  Date 4/18/2012

FSA-2028 (09-03-10)

Page 3 of 8

(c)  All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* ___Pennsylvania___:

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | TMR MIXER | GEHL | 8280 | GOOD | | 4003 |
| 2 | 1 | TRACTOR | JOHN DEERE | 4230 | GOOD | 1975 | 4230R22074206R |
| 3 | 1 | HAY HEAD FOR CHOPPER | NEW HOLLAND | | GOOD | | |
| 4 | 1 | TRACTOR | JOHN DEERE | 148 | GOOD | | SNT213P0913119R |
| 5 | 1 | SICKLE BAR MOWER | | | FAIR | | |
| 6 | 2 | HAY ELEVATORS | | | GOOD | | |
| 7 | 1 | HAY TEDDER | DUETZ | 540 | GOOD | | |
| 8 | 1 | MANURE SPREADER | NEW IDEA | 3726 | GOOD | | |
| 9 | 1 | SILO WAGON | BADGER | | GOOD | | |
| 10 | 3 | MILKING UNITS | SURGE | | GOOD | | |
| 11 | 1 | GRAIN AUGAR | | 20 FT x 4 I | GOOD | | |
| 12 | 1 | GRAIN BIN | | 2 TON | FAIR | | |
| 13 | 1 | PLOW | JOHN DEERE | 3 ROLL OVER | GOOD | | |
| 14 | 1 | CHOPPER | NEW HOLLAND | 790 | GOOD | | |
| 15 | 1 | CORNHEAD CHOPPER | | 2 ROW | V. GOOD | | |
| 16 | 1 | COMBINE | JOHN DEERE | 4400 | GOOD | | |
| 17 | 1 | GRAIN HEAD | JOHN DEERE | 14FT 224 | GOOD | | |
| 18 | 1 | GRAIN DRILL | JOHN DEERE | 8250 | GOOD | 1973 | |
| 19 | 1 | FIELD SPRAYER | | 300 GAL | V. GOOD | | |
| 20 | 1 | CULTIPACKER | JOHN DEERE | 10 FT | GOOD | | |
| 21 | 1 | BALER | NEW HOLLAND | 337 | GOOD | | |
| 22 | 1 | CORN PICKER | JOHN DEERE | 227 | GOOD | | |
| 23 | 1 | CHIESL PLOW | JOHN DEERE | 10 FT | GOOD | | |
| 24 | 1 | DISC | JOHN DEERE | 10 FT | FAIR | | |
| 25 | 1 | TRACTOR W LOADER | JOHN DEERE | 4430 | V GOOD | | |
| 26 | 1 | TRACTOR | JOHN DEERE | 530 | GOOD | 1958 | |
| 27 | 1 | MILKING PARLOR | | | | | |
| 28 | 1 | BULK TANK | MULLER | 1000 GAL | V. GOOD | | |

Initial L.L.W CRW Date 4/18/2012

**FSA-2028** (09-03-10)

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial *CRW L.L.W* Date 4/18/2012

**FSA-2028** (09-03-10)

(d)  All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)* _____Pennsylvania_____ :

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | 15 | Dairy Cattle - Calves - Heifer | holstein | black/white | | <6mo | |
| 2 | 78 | Dairy Cattle-Brdg. - Cows | holstein | black/white | | 2-5 y | |
| 3 | 10 | Dairy Cattle-Brdg. - Heifers - Bred | holstein | black/white | | 20 mo | |
| 4 | 20 | Dairy Cattle-Brdg. - Heifers - Open | | | | | |

Initial L.L CRW  Date 4/18/2012

FSA-2028 (09-03-10)                                                                                    Page 6 of 8

(e)   All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title,
       payment intangibles, and general intangibles, including but not limited to the following:

**All contracts, payments or rights to payment in respect to the sale, production or loss of production of farm
products or inventory. All payments or rights to payment under a government program with respect to the
production and/or non production of farm products now owned or hereafter acquired.**

### 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a)   Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe
       livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral
       is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other
       interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and
       (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm
       operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)   Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as
       stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan
       funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon
       from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)*
       insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured
       Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)*
       not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or
       permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon,
       injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock
       covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested
       information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)   Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured
       by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and
       costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the
       collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or
       terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)   Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements
       and to file continuation statements.

(e)   Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in
       Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may
       affect this security interest or its perfection; and any event of default.

(f)   Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due,
       including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for
       the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)   All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by
       Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party
       shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any
       indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)   In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further
       documents, including additional security instruments on such real and personal property as Secured Party may require and to
       take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to
       effectuate the rights granted to Secured Party herein.

Initial *CRW LLW*   Date *4/18/2012*



**4. IT IS FURTHER AGREED THAT:**

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

    (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

    (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

    (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _LL.W CRW_ Date _4/18/2012_

**FSA-2028** (09-03-10)

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

**5. CERTIFICATION**

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. *Cathleen R. Wisser* 6B. *(Date)* 4/18/2012
CATHLEEN R WISSER

*Larry L. Wisser* *(Date)* 4/18/2012
LARRY L. WISSER

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).*

*To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Corporations ▾    Search Business Entities (corpsearch.aspx)

Search UCC Transactions (uccsearch.aspx)    Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)

Login (https://hub.business.pa.gov/login)

Search entity / Select entity / **Order documents**

# Financing Statement Details

❓

**Date:** 11/09/2020
**Processing Date:** 11/05/2020

SUSQUEHANNA VALLEY DAIRY SALES

## Debtor/Secured Party Details

| Name | Party Type | Address |
|------|-----------|---------|
| CATHLEEN R WISSER | Debtors | ▮▮▮▮▮▮▮ |
| LARRY L WISSER | Debtors | ▮▮▮▮▮▮▮ |
| UNITED STATES OF AMERICA ACTING THROUGH USDA, FARM SERVICE AGENCY | Secured Parties | BERKS AG. CENTER P.O. BOX 520 LEESPORT PA 19533 |

## Transaction History

For unavailable images please complete the form
(http://www.dos.pa.gov/BusinessCharities/Business/RegistrationForms/Documents/RegForms/UCC11.pdf)
and submit with the required fee to process this.

| Select | Financial Statement No | Filing Date | Lapse Date | Filing Type | Debtor | SecuredParty | Pag |
|--------|----------------------|-------------|------------|-------------|--------|--------------|-----|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 20041138207 | 10/29/2004 | 10/29/2024 | Initial | CATHLEEN R WISSER; LARRY L WISSER | UNITED STATES OF AMERICA ACTING THROUGH USDA, FARM SERVICE AGENCY | 1 |
| ☐ | 2009072824862 | 07/28/2009 | 10/29/2024 | Amendment - Continuation | | | 1 |
| ☐ | 2014092407572 | 09/24/2014 | 10/29/2024 | Amendment - Continuation | | | 1 |
| ☐ | 2019083000800 | 08/30/2019 | 10/29/2024 | Amendment - Continuation | | | 1 |

☐ **Copy ($3.00/per page)**
☐ **Certificate ($28.00/per certificate)**

<< Back to Search Results

Login

Filing# : 2019083000800
Date Filed : 08/30/2019
Pennsylvania Department of State

# UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS**

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

Corporation Service Company-(800) 858-5294

**B. E-MAIL CONTACT AT FILER (optional)**

filingdept@csinfo.com

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Corporation Service Company COUNTER
Springfield
IL 62703
United States

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|
| 20041138207 | |

**2.** ☐ **TERMINATION:** Effectiveness of the financing Statement identified above is terminated with respect to the security interest(s) of the Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT:** (Full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**5.** ☐ **PARTY INFORMATION CHANGE**

Check one of these two boxes:      AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b; and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)**

| 6a ORGANIZATION'S NAME | | |
|---|---|---|
| | | |

OR

| 6b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Wisser | Cathleen | R | |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's Name)

| 7a ORGANIZATION'S NAME | |
|---|---|
| | |

OR

| 7b INDIVIDUAL'S SURNAME | |
|---|---|
| | |
| INDIVIDUAL'S FIRST PERSONAL NAME | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 7c MAILING ADDRESS | CITY | STATE | POSTAL CODE | Country |
|---|---|---|---|---|
| | | | | |

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate Collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| United States of America, acting through Farm Service Agency, United States Department of Agricultur | | | |

OR

| 9b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA:**

Debtor: Cathleen R Wisser - Continuation #169243850

**International Association of Commercial Administrators (IACA)**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS

**File Number: 2014092407572**
**Date Filed: 09/24/2014 04:54 PM**
**Carol Aichele**
**Secretary of the Commonwealth**

A NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company        (800) 858-5294

B. E-MAIL CONTACT AT FILER (optional)
filingdept@cscinfo.com

C.SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
801 Adlai Stevenson Dr
Springfield IL 62703
EMail: filingdept@cscinfo.com

Barcode too big to fit in this area

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
20041138207

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION  Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ ASSIGNMENT (full or partial)  Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9 For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION  Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:                    AND Check one of these three boxes:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address  Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name  Complete item 7a, 7b and item 7c    ☐ DELETE name  Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Wisser | Cathleen | R. | |

7. CHANGED OR ADDED INFORMATION:  Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name, do not omit, modify, or abbreviate any part of the Debtor's name)

7a ORGANIZATION'S NAME

7b INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)                                SUFFIX

| 7c MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

8. ☐ COLLATERAL CHANGE  Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate Collateral:

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT : Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
United States of America, acting through Farm Service Agency, United States Department of Agriculture

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

10 OPTIONAL FILER REFERENCE DATA
91609715A5435 Debtor:Cathleen R. Wisser/Continuation #91609715

FILING OFFICE COPY – UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV 04/20/11)



## Uniform Commercial Code (UCC)

UCC | Fee Schedule | Forms | Research | Online Services | Contact UCC | Business Services | Help

**Filing Chain for a Debtor**

**Filing Type: UCC**

| Add To Cart | File Number | Filing Date | Documents | Lapse Date | Microfilm Number | Microfilm Start | Microfilm End |
|---|---|---|---|---|---|---|---|
| ☑ | 20041138207 | 10/29/2004 | Initial | 10/29/2014 | 38881674 | | |

| Record Type | Name and Address |
|---|---|
| Secured Party | UNITED STATES OF AMERICA ACTING THROUGH USDA, FARM SERVICE AGENCY BERKS AG. CENTER P.O. BOX 520, LEESPORT, PA 19533 |
| Debtor | WISSER, CATHLEEN R |
| Debtor | WISSER, LARRY L |

| | | | | |
|---|---|---|---|---|
| ☑ | 2009072824862 | 07/28/2009 | Continuation | 10/29/2014 |

Log in to Order Images

Notice: Information presented on this Web site is collected, maintained, and provided for the convenience of the reader. While to keep such information accurate and up-to-date, the Secretary of State does not certify the authenticity of information here third parties. The Secretary of State shall under no circumstances be liable for any actions taken or omissions made from reli information contained herein from whatever source or any other consequences from any such reliance.

Home | Site Map | Site Feedback | View as Text Only | Employment



https://www.corporations.state.pa.us/ucc/soskb/FilingChain.asp?FileNumber=20041138207   7/28/2009

Filing Chain for a Debtor                                                        Page 1 of 1



**Uniform Commercial Code (UCC)**

UCC | Fee Schedule | Forms | Research | Online Services | Contact UCC | Business Services

Filing Chain for a Debtor
Filing Type: UCC

| Add To Cart | File Number | Filing Date | Documents | Lapse Date | Microfilm Number | Microfilm Start | Microfilm End | Microfilm Pages |
|---|---|---|---|---|---|---|---|---|
| ☑ | 20041138207 | 10/29/2004 | Initial | 10/29/2019 | 123 | 10748 | 1 | 1 |

| Record Type | Name and Address |
|---|---|
| Secured Party | UNITED STATES OF AMERICA ACTING THROUGH USDA, FARM SERVICE AGENCY<br>BERKS AG. CENTER P.O. BOX 520, LEESPORT, PA 19533 |
| Debtor | WISSER, CATHLEEN R. |
| Debtor | WISSER, LARRY L |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☑ | | 07/28/2009 | Continuation | 10/29/2019 | | | | 1 |
| ☑ | | 09/24/2014 | Continuation | 10/29/2019 | | | | 1 |

Notice: Information presented on this Web site is collected, maintained, and provided for the convenience of the reader. While every effort is made to keep such information accurate and up-to-date, the Secretary of State does not certify the authenticity of information herein that originates from third parties. The Secretary of State shall under no circumstances be liable for any actions taken or omissions made from reliance on any information contained herein from whatever source or any other consequences from any such reliance.

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Privacy Policy | Security Policy

Document Center

# **CSC** Diligenz®

| The Company | Services & Products | News & Events | Contact Us | Lo |

| My Center | Search Center | Filing Center | Document Center | Financial Center | H |

Add Note   Existing Searches   Help

## Order Details

### Order Information

| | |
|---|---|
| **County Office** | FLP Berks |
| **Debtor Name** | Cathleen R Wisser |
| **Order Number** | |
| **Order Status** | New |
| **Order Date** | 7/28/2009 2:01 PM |
| **Subject** | Cathleen R Wisser |

**Service(s)**
Continuations - Pennsylvania, (S.O.S.)
**Order Notes**
7/28/2009 - Filing approved by Amy Hamm

( Edit Order )  ( Additional Information )

### Validator Messages

❓ The Pennsylvania S.O.S. will reject UCC filings that contain any of the following words in the collateral statement: social security, copyright, sui juris, jus soli, and jus sanguinis.

( Validate Order )

### Validator Legend

❓- Informational
!- Warning
❌- Error

### Actions

( Duplicate )  ( Hide )

### Forms

( View All )

( View )   National UCC3

Copyright © 2008 Corporation Service Company®. All rights reserved. **Privacy Policy**

**PENNSYLVANIA DEPARTMENT OF STATE**
**CORPORATION BUREAU**
**UNIFORM COMMERCIAL CODE**
**P.O. BOX  8721**
**HARRISBURG, PA    17105-8721**

USDA FARM SERVICE AGENCY
6103716540

DEBTOR:        CATHLEEN R WISSER



LARRY L WISSER



SECURED PARTY:  UNITED STATES OF AMERICA ACTING THROUGH USDA, FARM
SERVICE AGENCY
BERKS AG. CENTER
P.O. BOX 520
LEESPORT PA 19533

IDENTIFICATION CODE:      None

EFFECTIVE DATE:      Oct 29 2004  9:39AM

FINANCING STATEMENT NUMBER:      30041138207

DOCUMENT NUMBER:      1040557

For additional information, please visit our "Searchable Database"
at WWW.DOS.STATE.PA.US/CORPS



DOS Homepage

UCC Free Search
UCC Online Filing
Bureau Staff

## Debtor Information

### FINANCING STATEMENT NUMBER: 20041138207

| Debtor Name | Address | City | State |
|---|---|---|---|
| CATHLEEN R WISSER | | | |
| LARRY L WISSER | | | |

Current Status

Home | Site Map | Site Feedback | View as Text Only | Employment



Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement



DOS Homepage

UCC Free Search
UCC Online Filing
Bureau Staff

# Financing Statement Current Status

### FINANCING STATEMENT NUMBER:  20041138207

| | |
|---|---|
| **FILING DATE AND TIME** | 10/29/2004 9:39:34 AM |
| **MATURITY DATE** | 10/29/2009 |
| **MICROFILM NUMBER** | |
| **NO. OF ADDITIONAL SHEETS** | 0        **NO. OF AMENDMENTS** |

Debtor Information  Secured Party Information
History of Changes

Home | Site Map | Site Feedback | View as Text Only | Employment



Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

UCC Free Search - Secured Party Information                                    Page 1 of 1



PENNSYLVANIA
**Department of State**

PA Keywords [_____] Go

Search [_____]
Advanced Search

DOS Homepage

UCC Free Search
UCC Online Filing
Bureau Staff

# Secured Party Information

### FINANCING STATEMENT NUMBER: 20041138207

| Secured Party Name | Address | City | State |
|---|---|---|---|
| UNITED STATES OF AMERICA ACTING THROUGH USDA, FARM SERVICE AGENCY | BERKS AG. CENTER P.O. BOX 520 | LEESPORT | PA |

Current Status

Home | Site Map | Site Feedback | View as Text Only | Employment



Commonwealth of
**PA**
Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

.UCC Free Search                                                                    Page 1 of 1



**PENNSYLVANIA**
**Department of State**

DOS Homepage

## Financing Statement – Free Search

UCC Free Search
UCC Online Filing
Bureau Staff

Search Completed for: wisser, cathleen r. / pa

3 Results Found                                                                         P

| Financing Statement | Debtor Name | Maturity Date |
|---|---|---|
| 20031091256 | Cathleen R. Wisser | 10/30/2008 |
| 20041138207 | CATHLEEN R WISSER | 10/29/2009 |
| 34540765 | WISSER, CATHLEEN R | 11/01/2006 |

Home | Site Map | Site Feedback | View as Text Only | Employment



Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

https://www.dos.state.pa.us/ucc/uccfreesearch/search/wfSearchParameterInput.aspx        11/4/2004

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
PATRICIA ANN QUILLMAN        610-562-5516/EXT#107

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

USDA, FARM SERVICE AGENCY
BERKS AG. CENTER
1238 COUNTY WELFARE ROAD
P.O. BOX 520
LEESPORT, PA 19533

COPY

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| WISSER | CATHLEEN | R | |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| | | | U.S.A. |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | INDIVIDUAL | PENNSYLVANIA | | ☑ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| WISSER | LARRY | L | |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| | | | U.S.A. |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | INDIVIDUAL | PENNSYLVANIA | | ☑ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA ACTING THROUGH USDA, FARM SERVICE AGENCY | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| BERKS AG. CENTER, P.O. BOX 520 | LEESPORT, | PA / 19533 | U.S.A. |

4. The FINANCING STATEMENT covers the following collateral.

THIS FINANCING STATMENT COVERS THE FOLLOWING TYPES OF COLLATERAL, INCLUDING PROCEEDS
AND PRODUCTS THEREOF; ALL ACCOUNTS, GENERAL INTANGIBLES, CROPS, LIVESTOCK, SUPPLIES,
OTHER FARM PRODUCTS, AND FARM AND OTHER EQUIPMENT NOW OWNED OR ACQUIRED HEREAFTER.

DISPOSITION OF SUCH COLLATERAL IS NOT HEREBY AUTHORIZED.

| 5. ALTERNATIVE DESIGNATION [if applicable] | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS    Attach Addendum | | [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)