United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-14201-pmm |
| Larry Lee Wisser | Chapter 12 |
| Cathleen Rachel Wisser | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 06, 2021 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 08, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Larry Lee Wisser, Cathleen Rachel Wisser, 8149 Bausch Road, New Tripoli, PA 18066-3614 |
| cr | + | New Tripoli Bank, Seitz, Lesavoy Butz & Seitz LLC, c/o Jack M. Seitz, Esq., 1620 Pond Road, Suite 200 Allentown, PA 18104-2255 |
| cr | + | Northwest Bank, successor to Union Community Bank, c/o Charles N. Shurr, Jr., Esquire, Kozloff Stoudt, 2640 Westview Drive, Wyomissing, PA 19610-1186 |
| cr | + | Northwestern Lehigh School District and Weisenberg, c/o Portnoff Law Associates, Ltd., P.O. Box 3020, Norristown, PA 19404-3020 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| op | | Barry C Betz |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 08, 2021      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 6, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| CHARLES N. SHURR, JR. | on behalf of Creditor Northwest Bank  successor to Union Community Bank cshurr@kozloffstoudt.com, dgabala@kozloffstoudt.com;jkrallis@kozloffstoudt.com;lbemis@kozloffstoudt.com |
| JACK M. SEITZ | on behalf of Creditor New Tripoli Bank  Seitz jseitz@lesavoybutz.com, sblake@lesavoybutz.com |

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 2 of 2 |
| Date Rcvd: Oct 06, 2021 | Form ID: pdf900 | Total Noticed: 4 |

JAMES RANDOLPH WOOD
    on behalf of Creditor Northwestern Lehigh School District and Weisenberg Township jwood@portnoffonline.com jwood@ecf.inforuptcy.com

REBECCA ANN SOLARZ
    on behalf of Creditor United States of America  acting through the Farm Service Agency, U.S. Department of Agriculture bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 12)
    ECFMail@ReadingCh13.com

SCOTT F. WATERMAN (Chapter 12)
    on behalf of Trustee SCOTT F. WATERMAN (Chapter 12) ECFMail@ReadingCh13.com

SHAWN J. LAU
    on behalf of Joint Debtor Cathleen Rachel Wisser shawn_lau@msn.com  g61705@notify.cincompass.com

SHAWN J. LAU
    on behalf of Debtor Larry Lee Wisser shawn_lau@msn.com  g61705@notify.cincompass.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**IN RE: Larry Lee and**
**Cathleen Rachel Wisser,**                                  :         Chapter 12
                                                             :
                                    **Debtors.**             :
                                                             :         Bky. No.  20-14201 (PMM)
-------------------------------------------------------------------------------------------

# ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING

**AND NOW**, an evidentiary hearing with regard to the Debtors' Objection to the Proof of Claim No.11 filed by the USDA-Farm Service Agency (doc. #135) having been scheduled to take place on **Tuesday, November 9, 2021 at 11:00 a.m.** in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, Pennsylvania, 19601, it is hereby **ordered** that the following procedures will govern:

1. All discovery must be completed **on or before October 29, 2021**;

2. **On or before November 4, 2021**, any party intending to submit an affidavit of a witness (an "Affidavit")[1] in lieu of direct examination during the hearing, must:

    a. pre-mark each Affidavit;

    b. serve each party who has appeared in the matter(s) being heard at the hearing with the a copy of each Affidavit;

    c. deliver each Affidavit to the court by e-mailing them to the Courtroom Deputy at Barbara_Spinka@paeb.uscourts.gov.

---

[1]    Each party may choose to file an Affidavit in lieu of direct testimony for each witness being called by that party. The filing of an Affidavit for one witness does not preclude the possibility of having other witness(es) appear for direct examination during the hearing.

      d. **Note**: each witness providing direct testimony via an Affidavit **must be available** during the hearing for cross-examination by opposing counsel. See witness instructions, below.

2. **On or before November 4, 2021**, any party intending to call a witness to testify shall file and serve[2] a Witness List setting forth the following:

      a. the name and title of the witness; and

      b. a summary of subject matter of the anticipated testimony;

3. Any party that wishes to call a remote witness to testify (by Zoom at the in-person hearing) shall request such permission from the Court on or before **November 4, 2021**;

4. **On or before November 4, 2021**, any party intending to offer into evidence in its case in chief or otherwise use at the hearing any exhibits shall:

      a. pre-mark each exhibit;

      b. serve each party who has appeared in the matter(s) being heard at the hearing with a list of each exhibit ("the Exhibit List");

      c. serve each party with each pre-marked exhibit on the Exhibit List;[3]

      d. deliver the Exhibit List and the exhibits to the court by e-mailing them to the Courtroom Deputy at Barbara_Spinka@paeb.uscourts.gov.

5. A party who wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the hearing.

6. If a party anticipates the possibility of offering into evidence or otherwise using exhibits at

---

[2] It is contemplated and preferred that all service required by this Order will be accomplished by e-mail. However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

[3] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel. However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

-2-

    the hearing in the party's case in rebuttal:

        a. On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

        b. The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the hearing.

        c. If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all parties participating in the hearing and the witness. If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[4]

7. **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 2-6 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE HEARING**.

Date: 10/5/21

        */s/ Patricia M. Mayer/*
        **PATRICIA M. MAYER**
        **U.S. BANKRUPTCY JUDGE**

---

[4] The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing. If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

-3-